THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
Traber & Voorhees
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com

JANET HEROLD (SBN 186419)
Special Counsel to Change to Win, CLC
2629 Foothill Blvd #357
La Crescenta, California 91214
Telephone: (818) 957-7054
Facsimile: (818) 542-6419
heroldj@seiu.org

MICHAEL RUBIN (SBN 80618)
JONATHAN WEISSGLASS
 (SBN 185008)
JENNIFER SUNG (SBN 254741)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
jweissglass@altber.com
jsung@altber.com

(Add'l counsel on next page)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EVERARDO CARRILLO, *et al.*, for themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS, INC., *et al.*,<br><br>Defendants. | Case No. CV 11-8557 CAS (DTBx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FURTHER PRELIMINARY INJUNCTION TO PREVENT SCHNEIDER'S ADDITIONAL RETALIATION AND FOR CONTEMPT**<br><br>Complaint Filed: October 17, 2011<br>Trial Date: None set<br>District Judge: Hon. Christina A. Snyder<br>Magis. Judge: Hon. David T. Bristow<br>Hearing Date: March 21, 2012 11:00 a.m. |

Additional counsel for plaintiffs:

GUS T. MAY (SBN 159436)
KEVIN R. KISH (SBN 233004)
MATTHEW E. DECAROLIS (SBN 238595)
Bet Tzedek Legal Services
3435 Wilshire Blvd., Suite 470
Los Angeles, CA  90010
Telephone: (323) 939-0506
Facsimile: (213) 384-3524
gmay@bettzedek.org
kkish@bettzedek.org
mdecarolis@bettzedek.org

SANDRA C. MUÑOZ (SBN 190404)
Law Offices of Sandra C. Muñoz
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Telephone: (323) 720-9400
Facsimile: (323) 720-9090
scm4law@att.net

1    On March 2, 2012, pursuant to a court-ordered stipulation re scheduling,

2   plaintiffs Everardo Carrillo, *et al.*, filed a motion for further preliminary injunction to

3   prevent Schneider's additional retaliation and for contempt against defendants

4   Schneider Logistics, Inc., and Schneider Logistics Transloading and Distribution,

5   Inc. (collectively "Schneider").  Plaintiffs sought a preliminary injunction under Rule

6   65(d) to enjoin Schneider from engaging in further acts of retaliation and other

7   wrongful conduct against the provisionally certified class of Schneider-Premier

8   plaintiffs who are covered by this Court's February 1, 2012 injunction, and for an

9   order for civil contempt against Schneider based on clear and convincing evidence of

10  its violations of this Court's two prior injunctions and this Court's oral ruling of

11  February 24, 2012.

12    Schneider opposed plaintiffs' motion.

13    The Court having considered the briefs and arguments of counsel, and for

14  good cause shown,

15    IT IS HEREBY ORDERED that plaintiffs' motion is GRANTED, for the

16  reasons set forth herein; and

17    IT IS HEREBY FURTHER ORDERED that defendant Schneider shall

18  promptly:

19    1. Revoke the pay cuts that Schneider imposed on plaintiffs effective

20  February 25, 2012, which reduced the workers' hourly pay from $12.75 to $11.00

21  and withdrew all benefits;

22    2. Restore the promised wages and benefits and provide full backpay to the

23  class members for all unpaid and underpaid wages since February 25, 2012;

24    3. Provide notice of the Court's February 1, 2012 preliminary injunction to *all*

25  of the approximately 100 Schneider-Premier class members covered by that

26  injunction, not only to the 40 or so who were called back to work on February 25;

27    4. Submit for Court approval a written plan that sets forth a neutral, non-

28  retaliatory and non-discriminatory mechanism for determining the order in which

1   individual class members who have not already resumed work in the Mira Loma

2   warehouses will be recalled as new work comes in, and will be temporarily laid off

3   as work slows down; and

4       5.  Provide a means by which the Schneider-Premier class members can clock

5   in and out electronically, not by hand, and pay those class members for *all* time

6   worked.

7       The above relief is ordered based on the Court's findings, as set forth below,

8   that plaintiffs have met the governing preliminary injunction standard the Court has

9   previously set forth. *See* Doc. #186 at 5.

10      First, plaintiffs have a strong likelihood of success on the merits.  As this

11  Court concluded in its February 1 preliminary injunction order, "[t]he FLSA's anti-

12  retaliation provision, 29 U.S.C. §215(a)(3), broadly prohibits any person from

13  retaliating against any worker or group of workers who have filed complaints

14  concerning violations of FLSA. *Kasten v. St. Gobain*, 131 S.Ct. 1325 (2010)." Doc.

15  #186 at 5.  That anti-retaliation provision states, in pertinent part:

16          [I]t shall be unlawful for any person . . . (3) to discharge or in any other

17          manner discriminate against any employee because such employee has

18          filed any complaint or instituted or caused to be instituted any

19          proceeding under or related to this chapter . . . .

20  Equally broad anti-retaliation provisions are set forth in the California Labor Code,

21  which prohibit any "discharge" or "any manner [of] discrim[ination]" against any

22  workers who make the type of complaints and public filings that plaintiffs made

23  here. *See* Labor Code §98.6(a); *see also* Labor Code §1102.5(b).  These anti-

24  retaliation provisions must be construed liberally to provide "broad rather than

25  narrow protection to the employee[s]." *Kasten*, 131 S.Ct. at 389.

26      To establish a prima facie claim of unlawful retaliation, plaintiffs must show

27  that: 1) they engaged in protected activity; 2) defendants discharged, discriminated

28  against, or otherwise subjected them to adverse employment action; and 3) a causal

link exists between the protected activity and the adverse action. *See, e.g., Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984).

1. This Court has already found that plaintiffs engaged in protected activity by filing and participating in this class action lawsuit and by cooperating with the California Division of Labor Standards Enforcement when it conducted its unannounced raids of the Mira Loma warehouses. Doc #186 at 10. Plaintiffs then engaged in additional protected activity under state and federal law when they sought and obtained the February 1 injunction against their unlawful mass retaliatory termination. Moreover, when Schneider attempted to circumvent this Court's injunction by forcing those plaintiffs to undergo onerous and redundant "pre-employment screening" procedures, plaintiffs appropriately resisted and exercised their FLSA- and Labor Code-protected right to insist that Schneider fully comply with all terms – and the clearly expressed underlying intent – of this Court's February 1 injunction. All of that is protected activity.

2. Schneider should have continued its employment of the jointly employed Schneider-Premier class members at the hourly rate and benefits package that Schneider had expressly represented – to the Court, to the workers, and to plaintiffs' counsel – that it would be paying them. Instead, after plaintiffs showed up for work at 4:30 a.m. on Saturday, February 25, 2012, Schneider announced that it was reducing the workers' hourly pay from $12.75 to $11.00 per hour with no benefits – while claiming that it was compelled to do so because of some order of this Court. Further, Schneider has apparently refused to pay any of the Schneider-Premier class members for their first 2-1/2 hours of work on February 25, which is yet an additional act of retaliation.

3. There is a clear "causal link" between plaintiffs' protected activity and Schneider's decision to cut their hourly rate of pay and deny them benefits. As this Court explained in its February 1 preliminary injunction order,

1    Under both state and federal law, plaintiffs may prove causation by

2    showing that retaliation was a substantial or motivating factor for

3    defendants' adverse employment actions. *Ostad v. Or. Health Scis.*

4    *Univ.*, 372 F.3d 876, 884 (9th Cir. 2003); *George v. Cal. Unemployment*

5    *Ins. Appeals Bd.*, 179 Cal.App.4th 1475, 1492 (Cal. Ct. App. 2009).

6    Plaintiffs can satisfy this standard in a variety of ways, including by

7    showing temporal proximity between the protected activity and the

8    adverse action, through statements by the employer showing its

9    disapproval of the protected activity, and by showing that the

10   employer's proffered reasons for the adverse action were pretextual.

11   *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003).

12  Doc. #186 at 10. As in the prior preliminary injunction, plaintiffs can show all three.

13      First, there is close temporal proximity between the current retaliation and

14  plaintiffs' protected activity that triggered defendants' original retaliatory decision to

15  terminate the entire provisional class. The record is also clear that Schneider did not

16  cut plaintiffs' rate of pay and deny them benefits until *after* plaintiffs refused to

17  submit to impermissibly retaliatory and burdensome pre-employment processing,

18  which this Court ruled was an invalid and unlawful condition that violated its

19  previous injunction.

20      Second, Schneider's statements and conduct reveal a retaliatory motive. This

21  Court has already found that Schneider engaged in unlawful retaliation by its role in

22  the mass termination of the Schneider-Premier class. Instead of complying with the

23  preliminary injunction, Schneider required the jointly employed Schneider-Premier

24  class members to undergo onerous pre-employment screening, despite knowing that

25  every such employee had *already* passed the exact same screening procedures when

26  initially hired and had been working in the Mira Loma warehouses – often for

27  several years – without any significant incidents. That new screening was

28  impermissible under the February 1 injunction, which referred to Schneider as the

1   workers' "joint employer" that was required to "retain" plaintiffs rather than re-hire

2   them, to ensure that their employment "continued" in the Mira Loma warehouses

3   without interruption. Doc. #186. Yet on February 25, Schneider chose to punish the

4   complaining workers further by cutting their wages and eliminating their benefits

5   *because* they had protested against – and successfully enjoined – its burdensome and

6   retaliatory efforts to treat the class members as "new hires" rather than continuing

7   employees.

8       Third, Schneider's weak justification for its adverse action – that cutting

9   wages and eliminating benefits was "required" by this Court's order – is untenable.

10  The Court ordered nothing of the kind. To the contrary, the Court *accepted* the

11  "compensation" and "benefits" terms set forth in Schneider's February 22

12  Application for An Order Clarifying the Preliminary Injunction (Doc. #192) at 7,

13  while *rejecting* the other conditions Schneider proposed.

14      4.  There is also no justification for Schneider's refusal to agree to a

15  reasonable mechanism for ordering the list of Schneider-Premier class members in a

16  manner that will determine who is brought on to supplement the existing workforce

17  when new work comes in, and who is temporarily laid-off when work slacks off

18  (which, unless Schneider persuasively demonstrates otherwise, should be based on

19  seniority in the Mira Loma warehouses). Given Schneider's extensive history of

20  unlawful retaliation, unrestrained discretion provides Schneider far too much leeway

21  to engage in future acts of retaliation, laying off those who participate most actively

22  in this lawsuit and who cooperated with the DLSE investigation and bringing back

23  those who have not vocally stood up for themselves and their co-workers.

24      Schneider's failure to provide notice of the Court's February 1 injunction to

25  almost two-thirds of the provisionally certified class is also retaliatory. Schneider's

26  goal, which this Court already declared unlawful, was to get rid of the workers who

27  complained to this Court and to the DLSE about defendants' unlawful workplace

28  practices and policies. By failing to provide *any* notice of the February 1 injunction

1   for almost three weeks, and then by limiting that notice to the 40 or so class members
2   who happened to be working in the Mira Loma warehouses on the day notices were
3   distributed, Schneider helped to ensure that the rest of the class members have never
4   been told that their terminations were enjoined, meaning those workers have no way
5   of knowing that they are still eligible to work in the Mira Loma warehouses.
6        As to the remaining preliminary injunction factors, the Court previously found
7   harm to plaintiffs based on the economic factor of loss of wages and the
8   non-economic factor of the deterrent effect of retaliation on vindication of rights.
9   Doc. #186 at 14-16.  The deterrent effect is exactly the same here.  Moreover, the
10  loss of benefits constitutes serious injury that cannot be made up for later, given
11  these workers' precarious economic condition (which will necessarily deteriorate
12  further if these pay cuts and unpaid hours are not promptly remedied).  With respect
13  to the balance of equities, Schneider cannot complain if ordered to pay what it
14  already represented to the Court and to plaintiffs that it would pay, or if it is required
15  to pay for all hours worked under the governing state and federal law standards.
16  Finally, as the Court previously found, the public interest strongly favor an
17  injunction to prevent retaliation based on the federal and state anti-retaliation
18  policies underlying the statutory provisions upon which plaintiffs rely.  *See* Doc.
19  #186 at 16.
20       IT IS HEREBY FURTHER ORDERED that defendant Schneider is in
21  contempt of Court for the following reasons:
22       "District courts have the inherent power to enforce their orders through civil
23  contempt." *FTC v. Gill*, 183 F. Supp. 2d 1171, 1180 (C.D. Cal. 2001).  Civil
24  contempt sanctions "are considered to be coercive and avoidable through obedience,
25  and thus may be imposed in an ordinary civil proceeding upon notice and an
26  opportunity to be heard." *International Union, UMWA v. Bagwell*, 512 U.S. 821,
27  827 (1994).  "[A] contempt sanction is considered civil if it is remedial, and for the
28  benefit of the complainant." *Id.* (internal quotation marks omitted).  "A contempt

1    fine accordingly is considered civil and remedial if it either 'coerce[s] the defendant

2    into compliance with the court's order, [or] . . . compensate[s] the complainant for

3    losses sustained.'" *Id.* at 829 (quoting *United States v. Mine Workers*, 330 U. S. 258,

4    303-304 (1947)).

5         In order to establish a party's liability for civil contempt, the injured party

6    must show by clear and convincing evidence that the alleged contemnor has violated

7    a specific court order. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517

8    (9th Cir. 1992); *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).

9    "The burden then shifts to the contemnors to demonstrate why they were unable to

10   comply." *Id.* The contemnor's supposed good faith or lack of bad intent is irrelevant

11   (although Schneider could not possibly establish good faith on the facts of this case,

12   given its repeated violations and disregard of the Court's orders). *Stone v. City and*

13   *County of San Francisco*, 968 F.2d 850, 856-57 (9th Cir. 1992); *United States v.*

14   *Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).

15        Clear and convincing evidence establishes that Schneider has violated both of

16   the preliminary injunctions issued by this Court, as well as the Court's February 24

17   oral ruling. First, Schneider has ignored roughly two-thirds of the provisionally

18   certified class, failing to provide them with notice of the February 1 injunction or

19   otherwise to inform them that their February 24 termination date has been revoked.

20   As far as those plaintiffs know, their jobs were permanently terminated, and

21   Schneider has done nothing to attempt to comply with the Court's order that these

22   workers be retained as employees.

23        Second, Schneider acted contemptuously by ignoring this Court's directive

24   that it "retain" all jointly employed class members, and by instead treating them as

25   "new hires." While that particular violation has now been cured, Schneider then

26   slashed those workers' pay and benefits packages despite having represented to the

27   Court and the workers that it would pay those workers $12.75 per hour with benefits

28   after 30 days. Once this Court ruled on February 24 that Schneider was required to

1 | "retain" the Schneider-Premier members without imposing any additional conditions
2 | or burdens upon their continued employment, Schneider was obligated to comply.

3 |     Third, despite having electronic timekeeping equipment available, and despite
4 | the clarity with which this Court on December 7, 2011, ordered defendants
5 | henceforth to have plaintiffs record *all* of their time electronically, Schneider on
6 | February 25 prohibited plaintiffs from using its existing time clocks.

7 |     As sanction for the contempt, IT IS HEREBY FURTHER ORDERED that
8 | defendant Schneider do the following:

9 |     1. Pay plaintiffs' attorneys' fees to compensate them for the cost of bringing
10 | Schneider into compliance with the Court's orders and for the time expended in
11 | these contempt proceedings.  Plaintiffs shall submit a motion for attorneys' fees
12 | within two weeks of the date of this Order and the Court will hear it and decide the
13 | amount of fees on the regular motion schedule.

14 |     2. Pay a daily fine of $_____until such time as Schneider provides adequate
15 | notice, institutes electronic timekeeping, raises the wages it provides to the
16 | provisional class to $12.75 per hour, and provides the promised benefits plus full
17 | backpay for the underpayments that began the morning of February 25, 2012.

18 |     IT IS SO ORDERED.

19 | DATED: _____, 2012

21 |
22 |                           The Hon. Christina Snyder
23 |                           U.S. District Judge