THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
Traber & Voorhees
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com

MICHAEL RUBIN (SBN 80618)
JONATHAN WEISSGLASS (SBN 185008)
JENNIFER SUNG (SBN 254741)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
jweissglass@altber.com
jsung@altber.com

SANDRA C. MUÑOZ (SBN 190404)
Law Offices of Sandra C. Muñoz
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Telephone: (323) 720-9400
Facsimile: (323) 720-9090
scm4law@att.net

(Add'l counsel on next page)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EVERARDO CARRILLO, *et al.*, for themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS, INC., *et al.*,<br><br>Defendants. | Case No. CV 11-8557 CAS (DTBx)<br><br>**PLAINTIFFS' NOTICE OF MOTION TO COMPEL RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO SCHNEIDER LOGISTICS TRANSLOADING & DISTRIBUTION, INC.**<br><br>Date: June 21, 2012<br>Time: 10:00 a.m.<br>Judge: Hon. David T. Bristow<br><br>Discovery cutoff: None set<br>Pretrial conf.: None set<br>Trial date: None set |

1

2  Additional counsel for plaintiffs:

3

4  GUS T. MAY (SBN 159436)
   KEVIN R. KISH (SBN 233004)
5  MATTHEW E. DECAROLIS (SBN 238595)
   Bet Tzedek Legal Services
6  3435 Wilshire Blvd., Suite 470
7  Los Angeles, CA  90010
   Telephone: (323) 939-0506
8  Facsimile: (213) 384-3524
9  gmay@bettzedek.org
   kkish@bettzedek.org
10 mdecarolis@bettzedek.org

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 21, 2012 at 10:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 4 of this Court located at 3470 Twelfth Street, Riverside, CA 92501, plaintiffs Everardo Carrillo *et al.* will and hereby do move for an order: (1) compelling defendant Schneider Logistics Transloading & Distribution, Inc. ("Schneider") to produce certain documents that are responsive to plaintiffs' First Request for the Production of Documents ("RFPs"); and (2) granting various forms of relief to plaintiffs based of Schneider's destruction or withholding of documents that are responsive to plaintiffs' requests.

Plaintiffs in this class action lawsuit are current and former employees at three warehouses in Mira Loma who load and unload trucks with goods destined for Wal-Mart stores. Wal-Mart, which has an ownership share in two of the warehouses, contracts with Schneider to operate the warehouses on its behalf. Declaration of Lauren Teukolsky ("Teukolsky") Exhs. 2 & 3 at 38:24-39:10. In October 2011, plaintiffs filed this lawsuit under federal and California law to challenge defendants' egregious labor and employment violations at the warehouses – including falsification of time records, concealment of wage rates, and failure to pay lawful wages. Teukolsky Exh. 12.

Judge Christina A. Snyder has already entered a TRO and two preliminary injunctions against Schneider and the other defendants, prohibiting them from continuing to engage in a range of unlawful practices, including deliberate falsification of time records and their planned mass retaliatory termination of almost 100 warehouse workers. Teukolsky Exhs. 13 & 14. In entering these injunctions, Judge Snyder concluded that Schneider is likely a joint employer of the plaintiffs along with the other named defendants, Impact and Premier, because the evidence shows that Schneider has the authority "to control almost every material term and condition of the workers' employment." Teukolsky Exh. 14 at 8.

Plaintiffs are currently exploring the extent to which Wal-Mart, Schneider's *only* customer in the warehouses, whose presence in those warehouses pre-dated defendant

Schneider's, may share responsibility for the labor violations at issue. As alleged in the complaint, Wal-Mart could be jointly and severally responsible under the theory that it conspired with the other defendants to commit labor violations, or because, like Schneider, it is an state or federal law "employer" of some or all class members, Teukolsky Exh. 12 ¶¶79-89. Discovery concerning Wal-Mart and the obligations it imposed upon Schneider may also be relevant to establish *why* Schneider imposed certain terms and conditions upon the workers, which is relevant to Schneider's own liability as a joint employer. Plaintiffs' deadline for naming new defendants is September 3, 2012. Teukolsky Exh. 15.

On February 1, 2012, plaintiffs served Schneider with the RFPs, several of which seek documents calculated to discover the extent of Wal-Mart's direct or indirect control over the workers' terms and conditions of employment. Such documents are highly relevant because they will enable plaintiffs to determine the extent to which Schneider acted at the behest of Wal-Mart, and whether Wal-Mart itself bears responsibility as an employer, agent, or co-conspirator of the other defendants. Communications between Schneider and Wal-Mart that discuss unloading and loading, production quotas, pay practices, and minimum labor requirements are highly relevant to this inquiry.

Schneider has refused to produce *any* documents related to Wal-Mart – even those that are plainly probative of Schneider's own joint employment relationship with plaintiffs – on supposed relevance grounds. But the requested documents are relevant because they will enable plaintiffs to determine whether to add Wal-Mart as a defendant, and will likely illuminate Schneider's own reasons for exercising control over the terms and conditions of plaintiffs' employment.

Fed. R. Civ. Proc. 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

Ntc. of Mtn. re Schneider RFPs;
Case No. CV 11-8557 CAS (DTBx)          -2-

evidence." Here, because the RFPs are reasonably calculated to lead to the discovery of admissible evidence, the Court should compel Schneider to produce responsive documents. To the extent that any responsive documents are proprietary or otherwise confidential, Schneider may use the procedures set forth in the protective order already entered by the Court in this case. *See* Doc. Nos. 158, 172.

The second issue raised by plaintiffs' motion is Schneider's shocking concealment of crucial documents that demonstrate its joint employer status, and its refusal to meet and confer about its failure to comply with its discovery obligations until after plaintiffs confronted Schneider with proof that it had been caught concealing documents. Schneider responded to about 20 RFPs by stating that it conducted a "diligent search" but was either unable to locate any responsive documents or was producing all responsive documents. Plaintiffs do not know what type of search Schneider conducted or what role, if any, its attorneys played in directing or conducting that search. What plaintiffs do know is that Schneider wrongfully failed to produce many directly on-point, highly inculpatory documents. While plaintiffs cannot quantify the extent of Schneider's discovery compliance violations, the two other defendants – Impact and Premier – recently produced numerous documents *created by Schneider* that are directly responsive to plaintiffs' requests, but that Schneider did not produce.

For example, Schneider states in its discovery responses that no Schneider training materials or policy exists that pertain to the Schneider-Impact and Schneider-Premier workers. Both Impact and Premier, however, have produced dozens of pages of training materials and workplace rules *authored by Schneider*. Teukolsky Exhs. 17 & 32. The joint stipulation details several more examples demonstrating that Schneider is either withholding or has destroyed crucial documents that are probative of its joint employer status, and that are responsive to plaintiffs' requests – or that it never conducted the legally required search it claims to have conducted.

Schneider tries to justify its malfeasance by asserting that plaintiffs are to blame for not having sufficiently exhausted the meet and confer process. That is absurd.

When plaintiffs first raised with Schneider whether it had complied with its discovery obligations back in March 2012, Schneider refused to meet and confer on the issue. Teukolsky Exh. 6 at 2-3. Schneider refused, for example, to disclose *any* steps it had taken to search for electronically stored information, and refused to disclose the names of any employees whose computers and email accounts were searched. *Id.* To date, Schneider has still failed to disclose what steps that it took to search for responsive documents, and has failed – *even in connection with this motion* – to submit a sworn declaration from a custodian of records explaining why Schneider failed to produce documents. Teukolsky Decl. ¶47 & Exhs. 6, 7 & 16. Only *after* plaintiffs confronted Schneider with documents from Premier and Impact proving that Schneider had improperly withheld critical responsive documents did it agree even to discuss the issue – two months after its obligation to produce documents had passed. Teukolsky Exh. 16.

Further, Schneider has failed to live up to any of the promises it made after agreeing to engage in a meet and confer. While Schneider's counsel agreed to produce a list of individuals whose email accounts and computers have already been searched, it never did so. While Schneider belatedly produced additional documents on May 14, it failed to explain what these documents are, to which RFPs they respond, what was done to search for them, and why they were not produced earlier. Teukolsky Decl. ¶46. Indeed, many documents are *still* missing from Schneider's production that were produced by Impact and Premier.

Schneider's actions show that it cannot be trusted, without Court oversight, to comply with its discovery obligations. In light of Schneider's blatant discovery misconduct, plaintiffs first request that the Court order Schneider to produce for deposition, at its expense, a custodian of records to explore Schneider's non-compliance with its discovery obligations. Second, plaintiffs request that the Court permit plaintiffs to hire, at Schneider's expense, an outside vendor experienced in electronic document retrieval to collect responsive documents. Schneider should be required to identify all potential sources of electronically stored information, which the vendor will be

permitted to search using an agreed-upon list of search terms. As part of this search, Schneider should be required to provide the e-mails from the accounts of identified employees and managers, as well as files from their individual or shared computer drives, in electronic form to the outside vendor. Schneider will then produce the e-mails and files to plaintiffs, subject to a review for privilege and proper confidentiality designations under the protective order, and will also provide a complete privilege log. Schneider may not withhold any documents on relevance grounds.

These remedies are entirely appropriate where a party is caught withholding responsive documents, and the facts show that the party cannot be trusted to search for responsive documents. *See Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 U.S. Dist. LEXIS 72953 (C.D. Cal. Sept. 18, 2007); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 U.S. Dist. LEXIS 7792, 2002 WL 818061 (D. Del. Apr. 30, 2002).

Plaintiffs further seek an award of attorneys' fees under Fed. R. Civ. P. 26(g), which "requires that counsel make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request." *Wingnut Films*, 2007 U.S. Dist. LEXIS 72953, at *55. Violation of Rule 26(g) results in mandatory sanctions unless the party who made the certification can provide "substantial justification" for the violation. *Id*.

Schneider has provided *no* justification, let alone "substantial justification," for its failure to perform a "reasonable investigation" for documents responsive to plaintiffs' requests. Schneider is a large, sophisticated, well-capitalized company, with an in-house information technology department that should have assisted with the search under the direction of its outside counsel in Los Angeles, San Francisco, and Arizona (each of whom have made appearances in this case). Schneider's failure to perform a "reasonable investigation" for documents responsive to plaintiffs' requests, and its obstruction of plaintiffs' efforts to meet and confer on the issue until caught red-handed, an award of attorneys' fees is warranted.

1     Plaintiffs' motion is based on this Notice of Motion, the Joint Stipulation, the Declaration of Lauren Teukolsky (and Exhibits 1-41), the pleadings, declarations and papers on file with the Court, and any further briefing and arguments of counsel.

Dated: May 31, 2012            Respectfully submitted,

                                      TRABER & VOORHEES

                             By:   /s/ Lauren Teukolsky
                                           Lauren Teukolsky