THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
Traber & Voorhees
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com

JOHN L. BARBER (SBN 160317)
TRACY WEI COSTANTINO (SBN 192847)
RACHEL J. LEE (SBN 225263)
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
(213) 250-1800 - Office
(213) 250-7900 - Fax
Counsel for Impact Logistics, Inc.

MICHAEL LAVENANT (SBN 198765)
CHRISTOPHER MORIARTY (SBN 198753)
CONSTANGY, BROOKS & SMITH
15760 Ventura Boulevard, Suite 1200
Encino, CA 91436
(818) 986-7561 - Office
(818)986-5147 - Fax
Counsel for Premier Warehousing Ventures, LLC, and Rogers-Premier Unloading Services, Inc.

(Add'l counsel on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EVERARDO CARRILLO, *et al.*, for themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS, INC., *et al.*,<br><br>Defendants. | Case No. CV 11-8557 CAS (DTBx)<br><br>**STIPULATION TO CONTINUE LITIGATION SCHEDULE** |

Attorneys for Defendants SCHNEIDER LOGISTICS, INC. and SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.:

DOUGLAS J. FARMER CA (SBN 139646)
douglas.farmer@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

BETSY JOHNSON CA Bar No. 119847
betsy.johnson@ogletreedeakins.com
KIMBERLY C. CARTER CA Bar No. 221283
kimberly.carter@ogletreedeakins.com
TRUC T. NGUYEN CA Bar No. 257262
truc.nguyen@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Additional counsel for plaintiffs:


MICHAEL RUBIN (SBN 80618)
JONATHAN WEISSGLASS (SBN 185008)
JENNIFER SUNG (SBN 254741)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
jweissglass@altber.com
jsung@altber.com

Stipulation to Continue Litigation Schedule;
Case No. CV 11-8557 CAS (DTBx)

1  GUS T. MAY (SBN 159436)
2  KEVIN R. KISH (SBN 233004)
   MATTHEW E. DECAROLIS (SBN 238595)
3  Bet Tzedek Legal Services
   3435 Wilshire Blvd., Suite 470
4  Los Angeles, CA  90010
5  Telephone: (323) 939-0506
   Facsimile: (213) 384-3524
6  gmay@bettzedek.org
7  kkish@bettzedek.org
   mdecarolis@bettzedek.org
8

9  SANDRA C. MUÑOZ (SBN 190404)
10 Law Offices of Sandra C. Muñoz
   5429 E. Beverly Blvd.
11 Los Angeles, CA 90022
12 Telephone: (323) 720-9400
   Facsimile: (323) 720-9090
13 scm4law@att.net

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stipulation to Continue Litigation Schedule;
Case No. CV 11-8557 CAS (DTBx)

# STIPULATION

IT IS HEREBY STIPULATED by Plaintiffs Everardo Carrillo, et al., and Defendants Schneider Logistics, Inc., Schneider Logistics Transloading and Distribution, Inc., Premier Warehousing Ventures, LLC, Rogers-Premier Unloading Services, LLC, and Impact Logistics., Inc., by and through their respective attorneys of record, as follows:

## Commencement of Action

WHEREAS plaintiffs commenced this action on October 17, 2011 and filed a First Amended Complaint on October 28, 2011, asserting 16 claims for relief, including minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA") and California Labor Code, and claims for false and fraudulent wage practices, for violations of recordkeeping and disclosure obligations, and for unlawful retaliation against five defendants with operations in related warehouses in Mira Loma, California:  Schneider Logistics Transloading and Distribution, Inc. ("SLTD"), and Schneider Logistics, Inc. ("SLI," collectively "Schneider"), Premier Warehousing Ventures, LLC ("PWV"), and Rogers-Premier Unloading Services, LLC ("Rogers-Premier," collectively "Premier"); and Impact Logistics, Inc. ("Impact"),

WHEREAS plaintiffs seek relief not only for themselves but on behalf of two classes of warehouse workers employed at the warehouses: those allegedly jointly employed by Schneider and Premier (the "Schneider-Premier" workers), and those allegedly jointly employed by Schneider and Impact (the "Schneider-Impact" workers),

WHEREAS, in October 2011, November 2011, December 2011, and February 2012, plaintiffs sought a Temporary Restraining Order and three preliminary injunctions against Defendants, and the Court has granted such relief following extensive briefing and hearings,

WHEREAS, Schneider has appealed the Court's entry of preliminary injunctive relief and Plaintiffs and Schneider have engaged in extensive briefing of the preliminary injunction and joint employer issues before the Ninth Circuit,

**FLSA Opt-In Period through November 9, 2012**

WHEREAS, on December 29, 2011, plaintiffs filed their Motion for Approval of *Hoffman-LaRoche* Notice,

WHEREAS, the Court granted plaintiffs' motion for *Hoffman-LaRoche* notice on February 1, 2012 and approved the language of the notice on April 3, 2012,

WHEREAS, notice was provided to the class on May 7 and 9, 2012, and the deadline for joining the lawsuit through the filing of a Consent to Sue form is November 9, 2012,

WHEREAS, to date, plaintiffs have effectuated 22 filings of Consent to Sue forms, adding approximately 189 opt-in plaintiffs to the lawsuit,

**Discovery Undertaken by the Parties**

WHEREAS, plaintiffs propounded lengthy sets of document requests to all defendants on January 23 and February 1, 2012,

WHEREAS, on March 6, 2012, the parties stipulated to a bifurcated discovery schedule in connection with their settlement discussions that limited discovery to joint employment and related liability issues through May 31, 2012, and the Court entered that agreement as an order of the Court on March 8, 2012,

WHEREAS, Impact and Premier produced documents regarding joint employment and related issues beginning in April and continuing through June or July, 2012, but did not respond to document requests that fell outside the scope of the first phase of discovery,

WHEREAS, although Schneider produced some documents during March, April and May, 2012, Schneider objected to the production of any documents regarding Wal-Mart's involvement in the Mira Loma warehouses and refused to reveal the scope or nature of its search for documents,

1    WHEREAS, plaintiffs moved to compel a complete response by Schneider,
2 and after Magistrate Judge Bristow granted the motion on June 21, 2012, Schneider
3 designated two witnesses to testify about the company's document retention policies
4 and the nature of its search for documents in response to plaintiffs' written discovery
5 and produced 23,550 pages of additional documents during the 12-day period of
6 July 5-16, 2012,
7    WHEREAS plaintiffs took the deposition of two Schneider supervisors on
8 July 10-11, 2012, but counsel for Schneider and plaintiffs agreed to put off further
9 depositions until plaintiffs' counsel had an opportunity to review the thousands of
10 pages recently produced by Schneider,
11    WHEREAS plaintiffs had difficulty opening certain files on a disk containing
12 approximately 11,000 pages of documents produced by Schneider, and the disk was
13 produced again on or about July 31, 2012,
14    WHEREAS plaintiffs propounded special interrogatories to all defendants on
15 issues related to class certification on May 18, 2012, and reminded defendants on
16 July 9, 2012 that their responses to all outstanding document requests were due
17 because of the expiration of the first limited phase of discovery on May 31, 2012,
18    WHEREAS defendants responded to plaintiffs' class action interrogatories on
19 or about June 21-28, 2012, and provided supplemental productions of documents
20 during July and early August, 2012, including approximately 4,060 pages from
21 Premier and 49 pages of Wal-Mart contract documents from Schneider on August 8,
22 2012,
23    WHEREAS, on or about April 20, 2012, Schneider propounded written
24 discovery on plaintiffs, who responded on or about June 13, 2012, and propounded a
25 second set of written discovery on plaintiffs on or about July 2, 2012, as to which
26 plaintiffs have obtained an extension to provide their response,
27    WHEREAS, the parties' depositions of defendants' supervisors, named
28 plaintiffs and other workers consumed approximately 19 days during the 2-month

period from May 24 to July 25, 2012, and they have scheduled an additional 10 days of depositions in August, and still need to schedule approximately 10 days of depositions that have already been started or noticed, as well as other depositions, including plaintiffs' Rule 30(b)(6) deposition of Schneider and the depositions of Wal-Mart managers and officers, that have been delayed because of the timing of document production in this case,

**Prior Modifications of Litigation Schedule**

WHEREAS, under the local rules, the class certification was originally due on January 13, 2012;

WHEREAS, on January 10, 2012, the Court continued the date for filing a motion for class certification to April 16, 2012, based on the stipulation of the parties, to allow the parties to engage in discovery on class issues prior to the filing of the class certification motion;

WHEREAS, at the regular Scheduling Conference on January 30, 2012, the Court established the following litigation schedule:

(1) April 16, 2012 for the deadline for filing the Motion for Class Certification;

(2) June 1, 2012 for the deadline to request leave to file amended pleadings or add parties;

(3) June 25, 2012 for the hearing on plaintiffs' Motion for Class Certification, with an accompanying briefing schedule; and

(4) July 9, 2012 – Further Status Conference.

WHEREAS, based on the parties' stipulation arising from their settlement discussions, the Court entered an order on March 8, 2012, continuing the litigation schedule as follows:

(1) July 16, 2012 for the deadline for filing the Motion for Class Certification;

(2) September 3, 2012 for the deadline to request leave to file amended pleadings or add parties;

(3) September 24, 2012 for the hearing on plaintiffs' Motion for Class Certification, with an accompanying briefing schedule; and

(4) October 15, 2012 – Further Status Conference.

WHEREAS, based on their interest in further exploring settlement through private mediation and in attempting to narrow the issues for class certification through negotiation and/or stipulation, the parties submitted a stipulation to this Court seeking, *inter alia*, to extend the deadline for filing a class certification motion from July 16, 2012 to September 17, 2012, and the hearing date from September 24, 2012 to November 26, 2012, which the Court granted on July 10, 2012;

**Status of Settlement Discussions**

WHEREAS, Premier, Schneider and the plaintiffs engaged in a private mediation on July 12, 2012, and while settlement discussions are ongoing, no agreement was reached during that mediation;

WHEREAS the previously scheduled private mediation between Schneider, Impact and the plaintiffs set for August 21, 2012 was cancelled by Impact and has not been rescheduled as of this date,

WHEREAS the parties have been unsuccessful in narrowing or eliminating the need for a class certification motion by stipulation,

WHEREAS, given the status of settlement discussions, the substantial time and resources the parties have devoted to conducting class-wide discovery, and the need for additional time to complete their discovery on class issues, the parties wish to continue the litigation for approximately 8 weeks and to rearrange the deadlines so any motion to amend the pleadings or add new parties will precede the motion for class certification by five weeks.

The parties hereby stipulate as follows:

1. The deadline for requesting leave to amend the pleadings or to add new parties shall be continued to October 9, 2012;

2. Plaintiffs' motion for class certification shall be filed on or before November 12, 2012;

3. Defendants shall file their oppositions or on or before December 28, 2012;

4. Plaintiffs shall file their reply on or before January 25, 2013; and

//

1     5.    The hearing on plaintiffs' motion for class certification shall be held on February 11, 2013, or on a date thereafter that is convenient for the Court.

IT IS SO STIPULATED.

Dated: August 30, 2012

Respectfully submitted,
ALTSHULER BERZON LLP
TRABER & VOORHEES
BET TZEDEK LEGAL SERVICES
LAW OFFICES OF SANDRA C. MUÑOZ

By: _____
    Kevin Kish
Attorneys for Plaintiffs

Dated: August 2, 2012

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
    Tracy Wei Costantino
Attorneys for Defendant Impact Logistics, Inc.

Dated: August __, 2012

Respectfully submitted,
CONSTANGY, BROOKS & SMITH, LLP

By: _____
    Michael Lavenant
Attorneys for Defendants
Rogers-Premier Unloading Services and Premier Warehousing Ventures LLC

Dated: August 20, 2012

Respectfully submitted,
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
    Betsy Johnson
Attorneys for Defendants Schneider Logistics, Inc., Schneider Logistics Transloading and Distribution, Inc.

5. The hearing on plaintiffs' motion for class certification shall be held on February 11, 2013, or on a date thereafter that is convenient for the Court.

IT IS SO STIPULATED.

Dated: August   , 2012

Respectfully submitted,
ALTSHULER BERZON LLP
TRABER & VOORHEES
BET TZEDEK LEGAL SERVICES
LAW OFFICES OF SANDRA C. MUÑOZ

By:_____
Kevin Kish
Attorneys for Plaintiffs

Dated: August   , 2012

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:_____
Tracy Wei Costantino
Attorneys for Defendant Impact Logistics, Inc.

Dated: August 20, 2012

Respectfully submitted,
CONSTANGY, BROOKS & SMITH, LLP

By:_____
Michael Lavenant
Attorneys for Defendants
Rogers-Premier Unloading Services and Premier Warehousing Ventures LLC

Dated: August   , 2012

Respectfully submitted,
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:_____
Betsy Johnson
Attorneys for Defendants Schneider Logistics, Inc., Schneider Logistics Transloading and Distribution, Inc.