UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

   Theresa Traber
   Michael Rubin

Attorneys Present for Defendants

   Betsy Johnson

Attorneys Present for Intervenor:
   Lawrence Katz
   Steven Wheeless
   Mark Neubauer

**Proceedings:** PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (Docket #355, filed November 30, 2012)

## I.   INTRODUCTION

On October 17, 2011, plaintiffs Everardo Carrillo et al., employees at the Mira Loma warehouse facility in Mira Loma, California (the "warehouse"), filed suit against Schneider Logistics, Inc. ("SLI"), Premier Warehousing Ventures, LLC ("PWV"), Rogers-Premier Unloading Services, LLC ("Rogers-Premier"), and Impact Logistics, Inc. ("Impact") alleging violations of the California Labor Code and the Federal Labor Standards Act ("FLSA"). On October 28, 2011, plaintiffs filed their first Amended Complaint ("FAC") adding Schneider Logistics Transloading and Distribution, Inc. ("SLTD"). Pursuant to a November 28, 2012 stipulation between the parties, plaintiffs filed a Second Amended Complaint removing a named plaintiff, updating factual allegations, and clarifying class definitions.

Plaintiffs now seek to file a Third Amended Complaint ("TAC") adding Walmart Stores, Inc. ("Walmart") as a defendant. On November 30, 2012, plaintiffs filed a motion to amend their complaint and filed a proposed TAC. On December 14, 2012, intervenor-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

defendant Walmart filed an opposition to plaintiffs' motion, and on December 17, 2012, defendants SLTD and SLI filed an opposition as well. On December 21, 2012, plaintiffs filed a reply. On December 27, 2012, Walmart filed an objection to plaintiff's reply, and plaintiffs filed a response to the objection on December 28, 2012. Plaintiffs' motion is before the Court.

## II. LEGAL STANDARD

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609). Since the scheduling order provides that the last date for a motion to amend the complaint to add a party is November 30, 2012, plaintiffs' motion is timely under the scheduling order and Rule 15(a) provides the applicable standard.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend." Id. (internal quotation marks and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III. DISCUSSION

    **A.  Whether Plaintiffs Should be Denied Leave to Amend Due to Unreasonable Delay and Prejudice to Defendants**

Walmart argues that plaintiffs unreasonably delayed naming it as a defendant in this case. According to Walmart, plaintiffs could have named it as a defendant in its original complaint filed in October 2011. In support of this argument, Walmart notes that plaintiffs made public statements around the time their initial complaint was filed suggesting that Walmart was responsible for the alleged misconduct. See, e.g., Katz Decl. ¶ 14 Ex. E (plaintiff Everardo Carrillo was photographed in January 2012 holding a sign stating "Warehouses of Walmart – Stealing Wages for Low Prices – Stolen wages at Schneider is Walmart's dirty little secret."). Walmart also asserts that plaintiffs have not pointed to any facts they learned since the commencement of the case that provide a basis for asserting claims against Walmart.

Walmart also argues that adding it as a defendant would delay the litigation, and in fact would effectively "start[] this case over." See Opp. at 11. Walmart contends that the Court will need to extend pre-trial deadlines to allow it to retain experts, take depositions and other discovery, file motions, and take other action. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) ("a need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudiced from a delayed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

motion to amend the complaint."). For example, Walmart argues that if it is added as a defendant, the current briefing schedule on the motion for class certification – which contemplates plaintiffs filing a motion on January 28, 2013 and defendants opposing the motion in March – would need to be continued to allow Walmart to adequately prepare an opposition.

Walmart further argues that adding it to the litigation will cause Walmart and the current defendants to suffer undue prejudice. Walmart points out that several depositions have already been taken in this case and several motions have been heard, but that it has not been able to present arguments or otherwise participate. See Johnson v. Couturier, 2009 WL 256546, 3 (E.D. Cal. 2009) (finding prejudice where a defendant's late addition would make it "extremely difficult and inconvenient" for the defendant to catch up with discovery). Walmart further argues that even if current discovery and other scheduling deadlines are continued to give it reasonable time to develop and present defenses, evidence has become stale since the complaint was filed because, as time has passed, witnesses have become unavailable and memories have faded. See Wilkins-Jones v. County of Alameda, 2012 WL 3116025, 8 – 9 (N.D. Cal. 2012). Finally, Walmart argues that the current defendants in this case will suffer prejudice if it is added as a defendant because Walmart will seek to re-depose witnesses and extend almost all current deadlines in this case, and that the delay and need to prepare for additional depositions will unfairly increase the current defendants' costs.[1]

Finally, Walmart argues that plaintiffs deliberately delayed adding it as a defendant in a bad faith attempt to gain a strategic advantage. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("Bad faith on the part of the moving party also supports denying the motion to amend."). According to Walmart, plaintiffs delayed naming Walmart as a defendant to prevent it from participating in discovery and motion practice. Walmart asserts that plaintiffs most recently demonstrated this bad faith by refusing to allow Walmart to participate in Rule 30(b)(6)

---

[1] Defendants SLTD and SLI agree that Walmart should not be added due to the resulting increased discovery costs and delay, and also agree with Walmart's argument that leave to amend should be denied because plaintiffs had sufficient information at the outset of the case to name Walmart as a defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

depositions that took place in December 2012 and touched on issues that relate to Walmart's potential liability.

In response, plaintiffs argue that no party will suffer substantial undue prejudice if Walmart is added as a defendant. Plaintiffs acknowledge that several motions have already been decided in this case, but point out that those decisions have had little if any bearing on Walmart's liability. Additionally, plaintiffs argue that the mere fact that discovery has been taken without Walmart's participation is not a sufficient basis on which to deny leave to amend, and further contend that Walmart has not and cannot explain what prejudice it has suffered or what evidence it can no longer access due to its non-participation in the discovery. Finally, plaintiffs note that while some discovery has been taken, discovery is still in early stages and no discovery deadline has been set.

With respect to the increased costs that may arise due to adding Walmart as a defendant, plaintiffs observe these costs only justify denying leave to amend if they could have been easily avoided by including Walmart as a defendant at the outset of the litigation. Peterson v. California, 2011 WL 3875622, 4 (E.D. Cal. 2011). Here, Plaintiffs reason that increased costs do not warrant denial of leave to amend because plaintiffs lacked evidence at the outset of the case to name Walmart as a defendant. Plaintiffs further argue that waiting until now to add Walmart as a defendant likely reduced its costs because Walmart did not have to participate in unsuccessful mediation or motion practice that did not directly impact its liability.

Finally, plaintiffs argue that waiting until this point in the litigation to add Walmart as a defendant does not evince bad faith on their part, but instead was the prudent thing to do because they lacked evidence of Walmart's liability at the outset of the case. Plaintiffs admit that they always knew that Walmart owned many of the goods passing through the Mira Loma warehouses where plaintiffs worked, but explain that they had yet to discover information concerning Walmart's involvement in the management of the warehouses, control over the terms and conditions of plaintiffs' employment, and other related issues relevant to Walmart's liability. Plaintiffs further explain that the information pertaining to Walmart's involvement in the case was solely within Walmart's control, and hence that they required discovery before they could build an evidentiary basis for naming Walmart as a defendant. Plaintiffs have submitted a chart setting out how recently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

discovered evidence supports the claims they now seek to assert against Walmart. See Traber Decl., Dkt. 370, Ex. 3.[2]

    Plaintiffs further argue that their refusal to allow Walmart to participate in the December 2012 depositions does not show bad faith. Plaintiffs explain that the issue of whether Walmart would be allowed to attend these depositions was the subject of a hearing before Magistrate Judge Bristow. At the hearing, plaintiffs explained that they did not want Walmart present at the depositions because they believed that the presence of Walmart's counsel would intimidate the witnesses. Judge Bristow observed that, as a non-party, Walmart had no right to participate in the deposition, and that plaintiffs' faced potential prejudice if Walmart were allowed to participate. Judge Bristow resolved that Walmart would only be allowed to participate in the Rule 30(b)(6) depositions if it agreed not to notice additional Rule 30(b)(6) depositions on the designated topics. Walmart was then barred from participating after it would not agree to this condition.

    After considering the parties' arguments, the Court agrees with plaintiffs and finds that Walmart and the current defendants have not met their burden of establishing prejudice that would justify denying leave to amend. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). First, the fact that motion practice and discovery has taken place in Walmart's absence does not demonstrate undue prejudice. With respect to the motion practice that has occurred, Walmart cannot point to any decisions that contain findings that it is now unable to contest. Although Walmart points out that the Court made findings regarding the plaintiffs' likelihood of success on the merits, these findings are merely tentative conclusions, and they do not limit Walmart's ability to mount a defense on the issue of its final liability. Similarly, Walmart cannot explain why the discovery taken in its absence will lead to undue prejudice if it is now added as a defendant.

---

    [2] Walmart objects to this document because it was introduced for the first time in plaintiffs' reply brief. Since this document was submitted in response to Walmart's argument that plaintiffs' were not bringing the amendment based on newly acquired evidence, it is properly raised in a reply brief. Moreover, since Walmart brought this very objection in what is effectively a sur-reply brief, Walmart cannot reasonably complain that it has been deprived of a chance to respond to this document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

Although some depositions have already been taken, Walmart cannot explain how the depositions taken in its absence work to prevent it from obtaining relevant discovery. The fact that some witnesses have been deposed does not bar Walmart from seeking to re-depose those witnesses. Consequently, Walmart's situation is unlike the one presented to the Court in Johnson, 2009 WL 256546, 3, because Walmart cannot establish that it would be "extremely difficult and inconvenient" for it to secure discovery in this case. In contrast, because this case is still in the discovery stage and there is no imminent trial, Walmart will not face prejudice due to the timing of the amendment. DCD Programs, Ltd., 833 F.2d at 188.

     Second, any added litigation costs that may arise do not justify denying leave to amend. As plaintiffs point out, it is likely that Walmart will face reduced overall litigation costs due to their relatively late addition to this case, not increased costs. This is not true of the current defendants, however, who may incur additional costs arising from the need to retake depositions or revisit other discovery matters that would have been completed at this point if Walmart had been named as a defendant from the outset of the litigation. Nonetheless, although the current defendants' may incur extra costs arising from the amendment, these costs only justify denying leave to amend if they were easily avoidable. Peterson, 2011 WL 3875622, 4. Here, defendants have not shown that the costs were avoidable, and because plaintiffs only acquired evidence suggesting Walmart's liability after discovery, it appears that Walmart could not have been added sooner. Consequently, any added costs imposed by the late addition could not have been easily avoided, and therefore these costs do not provide a basis for denying leave to amend.[3]

     Third, turning to Walmart's arguments concerning delay, Walmart is correct that adding it as a defendant risks delaying the resolution of this case. Since Walmart has not been a party to this case until this point, however, it is unaffected by any continuances that may be necessary to accommodate its entry into the case. While Walmart speculates that evidence may have gone stale, it does not point to any specific kind of evidence or

---

     [3] Moreover, even if any additional discovery costs could have been avoided, the prejudice caused by these costs would be outweighed by Rule 15's liberal policy favoring amendments to pleading. DCD Programs, 833 F.2d at 186.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

information that can no longer be reasonably discovered. This case therefore contrasts with Wilkins-Jones, 2012 WL 3116025 at 8 – 9, cited by Walmart, because there the party opposing amendment identified specific evidence that would be difficult or impossible to obtain due to the plaintiffs' delay. Moreover, with respect to the current defendants, "[u]ndue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Since the current defendants face no undue prejudice from adding Walmart to this case other than delay, leave to amend should be granted.

  Finally, the Court finds no bad faith in the fact that plaintiffs have waited until this stage of the litigation to add Walmart as a party. As plaintiffs point out, their request to amend falls within the date provided in the scheduling order as the last date to add a party. This distinguishes the instant case from Lockheed Martin Corp., 193 F.3d 980, where it appeared that the motion to amend the complaint was timed to delay the resolution of a motion for summary judgment. Id. at 986. Moreover, plaintiffs have provided the Court with the sensible, good faith explanation that they did not seek to name Walmart as a defendant until this stage of the litigation because they only recently uncovered evidence in discovery that justifies a lawsuit against Walmart. In light of this good faith justification for its conduct, Walmart would need to present significant evidence probative of bad faith in order to justify denying leave to amend. Walmart has not, however, produced such evidence. With respect to the Rule 30(b)(6) depositions that took place in December 2012, as Judge Bristow observed, plaintiffs faced potential prejudice from Walmart's presence at the December 2012 Rule 30(b)(6) depositions, and hence had a good faith basis on which to refuse to allow Walmart to participate in those depositions. Additionally, since Walmart cannot explain what substantial unfair advantage plaintiff has gained by taking discovery and engaging in motion practice in Walmart's absence, the Court cannot infer bad faith based solely on the timing of plaintiffs' motion.[4]

---

  [4] Additionally, Walmart does not contest that plaintiffs could file a separate lawsuit against it if the Court were to deny plaintiffs leave to add Walmart as a defendant here. This provides another reason to grant the motion. If plaintiffs were denied leave to amend and filed a separate suit against Walmart, the litigation of these parallel lawsuits would almost certainly lead to duplicative costs, and could also lead to inconsistent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

### B. Futility

Walmart also argues that leave to amend should be denied because plaintiffs' proposed TAC does not state cognizable claims for relief against Walmart. In essence, Walmart argues that the claims stated against it are futile because it is not plaintiffs' employer under either the FLSA or the California labor code. Opp. at 15 – 22 (discussing Martinez v. Combs, 231 P.3d 259 (Cal. 2010); Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465 (9th Cir. 1983)). The Court finds these arguments more properly addressed on a motion to dismiss. See, e.g., SAEs Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). Therefore, the Court declines to deny plaintiffs leave to amend due to futility.

### IV. CONCLUSION

In accordance with the foregoing, plaintiffs' motion for leave to amend is hereby GRANTED.

IT IS SO ORDERED.

|  | 00 | : | 30 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

results. Granting plaintiffs' motion avoids these risks, and is therefore the best course of action.