UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS THE NEGLIGENCE CLAIM FROM THE THIRD AMENDED COMPLAINT (Docket #384, filed February 13, 2013)

## I.   INTRODUCTION

On October 17, 2011, plaintiffs Everardo Carrillo et al., filed suit against Schneider Logistics, Inc. ("SLI"), Premier Warehousing Ventures, LLC ("PWV"), Rogers-Premier Unloading Services, LLC ("Rogers-Premier"), and Impact Logistics, Inc. ("Impact"). On October 28, 2011, plaintiffs filed their first Amended Complaint, which added Schneider Logistics Transloading and Distribution, Inc. ("SLTD") as a defendant in this case. Pursuant to a November 28, 2012 stipulation between the parties, plaintiffs filed a Second Amended Complaint, which removed a named plaintiff, updated factual allegations, and clarified class definitions. Additionally, on January 11, 2013, plaintiffs filed a Third Amended Complaint ("TAC") adding Walmart Stores, Inc. ("Walmart") as a defendant.

Among other claims, the TAC asserts a claim for negligence against Walmart. On February 13, 2013, defendant Walmart filed a motion to dismiss plaintiffs' claim for negligence. Plaintiffs' filed an opposition on March 8, 2013, and defendant replied on March 25, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

## II. BACKGROUND

### A. Plaintiffs' General Allegations

Plaintiffs in this case are workers employed at three warehouses in Mira Loma, California (the "warehouses"). TAC ¶ 1. The warehouses are owned or leased by Walmart, and Walmart is the owner of all goods that pass through the warehouse. TAC ¶ 3. The warehouse is operated by contractors, including SLTD, who are hired by Walmart. Id.

Plaintiffs perform unskilled physical labor at the warehouses, including filling orders, labeling boxes, sweeping and cleaning facilities, and loading boxes onto delivery trucks. Id. ¶ 2. Many of the warehouses workers similarly situated to plaintiffs are immigrants, many do not speak English fluently, and a substantial number do not have formal education beyond middle school. Id.

Plaintiffs allege that they have suffered several violations of state and federal employment laws. Specifically, plaintiffs allege that they have not been paid for all their hours worked at the rates required by state and federal law, and have not been paid overtime premiums. TAC ¶¶ 38 – 39.

Many of plaintiffs' claims arise out of defendants' adoption of a "piece rate" compensation system. Under this compensation system, each employee's pay is calculated solely based on the number of containers filled or unloaded during a particular shift, and no compensation is provided for other tasks employees are required to perform. Id. ¶¶ 40 – 49; 53 – 59. Plaintiffs allege that under the piece rate compensation system, they are not compensated at lawful rates for all hours they work, and further allege that they were falsely told that their compensation would actually increase under the piece rate system. Id.

Plaintiffs also allege that they have not been provided with information explaining in detail how their wages are calculated under the piece rate compensation system. This prevents employees from determining whether they have been provided accurate compensation. Id. ¶¶ 48 – 49; 54. Defendants also have allegedly failed to keep

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

accurate records of the hours worked by plaintiffs, and have fraudulently maintained time records understating the number of hours worked. Id. ¶¶ 61 – 66.

   B.   **Plaintiffs' Claim for Negligence**

Defendant Walmart moves to dismiss plaintiffs' claim for negligence. The crux of plaintiffs' negligence claim is that Walmart failed to use reasonable care when hiring, supervising, and retaining SLTD and the other contractors who directly supervised plaintiffs. Specifically, plaintiffs explain that it was negligent for Walmart to engage the services of SLTD and its other contractors because Walmart knew or should have known that each contractor had a track record of violating state and federal employment laws, and Walmart's agreement with these contractors created economic pressure to violate these laws. Id. ¶¶ 115 – 116. Economic pressure to violate state and federal law was generated by Walmart's agreement, plaintiffs allege, because it was not reasonably possible to simultaneously meet the productivity and labor cost standards in Walmart's contract, comply with applicable law, and maintain a profit. Id. ¶ 113. Despite these indications that SLTD and other contractors would violate the law, plaintiffs contend that Walmart failed to use its authority over the warehouses to implement procedures for ensuring compliance with applicable laws. Id. ¶ 115. Instead, plaintiffs allege that Walmart turned "a willful blind eye to rampant violations." Id. ¶ 115.

As a result of Walmart's negligence, plaintiffs allege that they have suffered lost wages, lost benefits, and other harm. Plaintiffs seek to recover these lost wages and other benefits that they allegedly did not receive due to Walmart's negligence. Id. ¶ 237.

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. ANALYSIS

Walmart raises three grounds for either partially or wholly dismissing plaintiffs' negligence claim. First, Walmart argues that to the extent the negligence claim arises out of its subcontractors' violations of Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the claim is subject to federal preemption. Second, Walmart argues that to the extent the negligence claim arises out of its subcontractors' violations of California labor and employment law, it is barred by California's "new right-exclusive remedy" doctrine. Third, Walmart argues that California law does not recognize a duty of care running from Walmart to plaintiffs on the facts alleged in the complaint. The Court considers each argument in turn.

### A. Federal Preemption

When analyzing whether state law is preempted under the Supremacy Clause, courts in the Ninth Circuit consider three categories of preemption: "(1) express preemption, where Congress explicitly defines the extent to which its enactments preempt state law; (2) field preemption, where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy; and (3) conflict preemption, where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress." Industrial Truck Ass'n v. Henry, 125 F.3d 1305, 1309 (9th Cir. 1997). While these categories provide the basis for preemption analysis, they are not "rigidly distinct," and "the purpose of Congress is the ultimate touchstone of preemption analysis." Williamson v. General Dynamics Corp., 208 F.3d 1144, 1150 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

    The Ninth Circuit has held that the due to the FLSA's savings clause, 29 U.S.C. § 218(a),[1] the FLSA does not expressly preempt state law and does not preempt the entire field of wage and hour law. Williamson, 208 F.3d at 1151. The only remaining category is conflict preemption, and because there is no suggestion that it is impossible to comply with both state and federal law, the only remaining possibility is obstacle preemption. The Court therefore considers whether California's negligence law, as plaintiffs are seeking to apply it in this case, "stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress." Industrial Truck Ass'n, 125 F.3d at 1309.

    Walmart argues that obstacle preemption is appropriate here. Walmart rests its argument on its characterization of plaintiffs' claim as an attempt to use state law as a novel way of transferring liability under the FLSA. Just as *respondeat superior* and other doctrines of transferred liability allow a plaintiff to sue one defendant due to the acts of another, Walmart contends that plaintiffs' negligence claim is a way of transferring FLSA liability from Walmart's subcontractors to Walmart due to Walmart's alleged acts of negligent hiring and supervision.[2] Defendant argues that using state law to create new

---

    [1] "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter."

    [2] An established doctrine of transferred liability under the FLSA is the joint employer doctrine, and plaintiffs have alleged that Walmart is liable for any FLSA violations as their joint employer along with SLTD and other subcontractors. See generally, Chao v. A-One Medical Services, Inc., 346 F.3d 908, 916 – 918 (9th Cir. 2003) (discussing joint employer doctrine); Torres-Lopez v. May, 111 F.3d 633, 639 –

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

doctrines of transferred liability under the FLSA is not permissible because Congress intended the FLSA to provide the exclusive remedies for violations of its terms. Any state law that expands liability under the FLSA by providing that Walmart can be liable due to another defendant's violation of the FLSA therefore creates a new law of transferred liability not provided for in the FLSA, which conflicts with Congress's purpose and is therefore preempted.

In its pursuit of this argument, defendant relies heavily on Flores v. Albertson's, Inc., 2003 WL 24216269 (C.D. Cal. 2003). In Flores, a class of janitorial service workers sued several supermarket chains alleging violations of state and federal wage and hour laws. The defendant supermarket chains had outsourced their janitorial services, and the plaintiffs provided services to the supermarket defendants indirectly through contractors and subcontractors. Id. at *1. The plaintiffs sought to hold the supermarket liable for alleged violations of the FLSA, and argued, among other things, that the supermarkets were liable because they negligently permitted their contractors to violate the FLSA. Id. at *5. The district court found that this negligence claim was preempted. The court reasoned that the negligence claims amounted to theories of *respondeat superior*, and hence were "nothing more than additional legal theories to recover damages stemming from the alleged wage and hours claims." Id. The court concluded that California's law of negligence, as the plaintiffs sought to apply it, upset the balance established by Congress by enlarging the remedies available for FLSA violations. Id. The district court reached this conclusion based on the premise that, "[t]he exclusive remedy for such violations is the FLSA." Id. at *6.

The principle underlying the decision in Flores – that the FLSA provides the exclusive remedy for violations of its terms – is drawn from the Ninth Circuit's decision in Williamson v. General Dynamics Corp., 208 F.3d 1144. In Williamson, the plaintiffs alleged claims for "career fraud" under California law. These claims asserted that the defendants fraudulently convinced the plaintiffs that they should not join an FLSA lawsuit because the plaintiffs had career positions with the company and joining the

---

642 (9th Cir. 1997). Plaintiffs' claim for negligence is not dependent on whether Walmart is plaintiffs' joint employer, and hence defendants interpret this claim as an alternative grounds on which Walmart can face derivative liability under the FLSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

lawsuit would be "career suicide." The plaintiffs argued that these statements were fraudulent because their employer actually had plans to scale back its business and eliminate the plaintiffs' positions shortly after making the statements. Id. at 1148. The defendants in Williamson argued that these claims were preempted by the FLSA's anti-retaliation provisions. Analyzing this argument, the Ninth Circuit reasoned that "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." Id. at 1154. The plaintiffs' claim for career fraud, however, was not preempted because it was not directly covered by the FLSA's anti-retaliation provisions. Id. Among other things, an element of an anti-retaliation claim under the FLSA is filing a lawsuit or some other complaint with a supervisor, which the plaintiffs had not done. Id. at 1152 – 53.

Subsequent decisions have offered somewhat inconsistent interpretations of Williamson, particularly, the decision's statement that state law claims "directly covered" by the FLSA are subject to preemption. In some cases, courts have applied this principle to find that common law claims seeking to enforce rights to minimum wage and overtime pay protected by the FLSA are preempted because they are "duplicative of the FLSA." Helm v. Alderwoods Group, Inc., 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009); Flores, 2003 WL 24216269, at *5.

Other courts, however, considering claims brought under California's unfair competition law ("UCL"), California Business and Professions Code §§ 17200 et seq., have permitted plaintiffs to allege claims that wholly duplicate the standard of liability under the FLSA. California Business and Professions Code § 17200 allows a plaintiff to bring an unfair competition claim arising out of any "unlawful, unfair, or fraudulent business act or practice." The "unlawful" prong of § 17200 "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable." Famers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992). Because claims under California's UCL are therefore allowed to duplicate standards of liability set out in other statutes, courts have considered UCL claims that explicitly and purposefully do nothing more than duplicate the FLSA. These decisions have concluded that UCL claims that duplicate the FLSA are not preempted because the fundamental purpose of the FLSA is protecting employees, and allowing plaintiffs to assert state law claims duplicating the FLSA does not interfere with that purpose. Takacs v. A.G. Edwards and Sons, Inc. 444 F. Supp. 2d 1100, 1116 – 18 (S.D. Cal. 2006); Barnett v. Wash. Mut. Bank, FA, 2004

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

WL 2011462, at *6 (N.D. Cal. 2004); Bahramipour v. Citigroup Global Mtks., Inc., 2006 WL 449132, at *4 (N.D. Cal. 2006). While these decisions recognize statements to the contrary in Williamson, the decisions dismiss those statements as non-binding dicta. Takacs, 444 F. Supp. at 1117.

While there is no binding authority from the Ninth Circuit clarifying Williamson, the Ninth Circuit revisited Williamson and FLSA preemption in the now vacated opinion Wang v. Chinese Daily News, Inc., 623 F.3d 743, 759 – 760 (9th Cir. 2012), which considered a California UCL claim asserting rights under the FLSA.[3] In Wang, the Ninth Circuit acknowledged that Williamson contained "contradictory statements" regarding whether the FLSA provides the exclusive remedies for violations of its terms. Id. at 759. The Ninth Circuit then clarified that the import of Williamson lies in its rejection of the idea that the FLSA was meant to protect employers as well as employees, and its affirmation that the purpose of the FLSA is to provide a minimal level of protection for employees. Id. at 760. Wang concludes that since state law claims duplicating the FLSA do not interfere with the congressional purpose of protecting employees, the FLSA should not be interpreted to preempt such claims. Id.

After considering Williamson and related case law, the Court concludes that there are no grounds for finding that obstacle preemption is applicable in this case. Since the fundamental purpose of the FLSA is to protect employees, state laws granting employees additional remedies arising out of violations of the FLSA do not conflict with congressional purpose. It may be true that the remedies Congress set out in the FLSA are the only remedies Congress intended to apply in every state, but Congress explicitly allowed each state to augment the FLSA's protections with its own laws. While those

---

[3] Wang was vacated by the Supreme Court following its decision in Dukes v. Walmart, 132 S. Ct. 2541 (2011). However, neither the Supreme Court's decision in Dukes, nor the Ninth Circuit's reconsideration of the case after Dukes, considers the issue of preemption. See Wang v. Chinese Daily News, Inc., 709 F.3d 829 (9th Cir. 2013). Therefore, although the Ninth Circuit's initial decision in Wang is no longer binding, it remains persuasive authority in the absence of any reason to believe that the Ninth Circuit would reach a different interpretation of Williamson if it considered the issue a second time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

laws could create rights distinct from those present in the FLSA, presumably, states could also grant employees additional protections by augmenting rights already existing under the FLSA.  Therefore, contrary to Flores and related case law, Congress was not intending to strike a nationally uniform "balance" by enacting the FLSA, but instead intended to create a minimal level of protection that a state could raise as it saw fit.  See Flores, 2003 WL 24216269, at *5 ("To allow Plaintiffs' negligence claims to proceed, which are nothing more than additional legal theories to recover damages stemming from the alleged wage and hour claims, would upset the balance established by Congress in enacting the statute."); see also Wang, 623 F.3d at 760 ("In Williamson, we rejected the argument that the purpose of FLSA 'was to protect employers as well as employees,' instead holding that 'the central purpose of the FLSA is to enact minimum wage and maximum hour provisions designed to protect employees.'").  It follows that state laws providing rights duplicative of existing rights under the FLSA in no way conflict with congressional purpose, and are not preempted.

Consequently, plaintiffs' California claim that Walmart negligently hired, retained, and supervised contractors and subcontractors who caused violations of the FLSA is not preempted.  Even if Walmart is correct that this claim effectively creates a new legal theory for transferring liability for FLSA violations, state laws giving employees additional protections by expanding the scope of liability do not conflict with congressional purpose, and are therefore not subject to obstacle preemption.

### B. Whether Plaintiffs' Negligence Claim is Barred by California Law

Walmart's next argument asserts that California law bars plaintiffs from asserting a claim for negligently hiring, supervising, and retaining contractors who violated California's labor and employment laws.  Walmart argues that this claim is barred by California's "new right-exclusive remedy" doctrine.  Under the new right-exclusive remedy doctrine, "where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate."  Brewer v. Premier Golf Properties, 168 Cal. App. 4th 1243, 1252 (2008).  Since this doctrine invalidates state common law claims to the extent they seek to impermissibly expand the scope of statutory rights, it is sometimes referred to as a state law of preemption.  See, e.g., Helm, 696 F. Supp. 2d at 1076.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

Walmart argues that plaintiffs' negligence claim is barred by the new right-exclusive remedy doctrine because the claim seeks additional relief against Walmart arising out of violations of plaintiffs' California law labor and employment rights. Any remedy for violations of those rights, according to Walmart, must be set out in California's labor and employment statutes. Walmart concludes that because those statutes do not allow plaintiffs to recover against an employer for negligently hiring, retaining, or supervising a contractor who violates labor and employment laws, plaintiffs also have no right to this recovery under common law.

Walmart directs the Court to decisions that have followed this reasoning to reject common law claims arising out of violations of the California labor code. In Santiago v. Amdocs, Inc., 2011 WL 1303395, for example, the court rejected a common law conversion claim asserting that the defendants stole the plaintiffs' wages by withholding overtime pay and failing to compensate the plaintiffs' for missed meal and rest periods. Id. at *3 – 4. The court reasoned that "the California Legislature has created an extensive remedial scheme to address these disputes," and therefore that a conversion claim based on wages owed pursuant to the California statutes should be precluded. Id. Additionally, other courts have recognized that allowing such conversion claims would rewrite California statutes by effectively expanding the remedies available under those statutes. As one court explained this reasoning, "were the Court to agree with plaintiffs that a claim for earned wages, actual damages, and penalty wages constitutes a conversion claim, such a rule would in effect transform every claim for damages and statutory penalties into a conversion claim, thereby providing punitive damages for every breach of a statute that implements a penalty for its breach." In re Wal-Mart Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007).

The Court agrees that California law bars plaintiffs from utilizing common law claims to seek punitive damages or other relief not provided for in the California labor and employment statutes. Consequently, a plaintiff cannot simply place a common law label on a claim for violating California's labor and employment statutes and attempt to recover punitive damages or other extra-statutory remedies. Brewer, 168 Cal. App. 4th at 1254. Plaintiffs' claim for negligent hiring and supervision, however, attempts no such thing. The claim does not seek to hold Walmart liable in negligence due to Walmart's violations of the California employment statutes. To the contrary, plaintiffs seek to hold Walmart liable for negligently hiring, supervising, and retaining subcontractors who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

violated these statutes. As Walmart admits, this form of negligence is not actionable under California's labor and employment statutes, which entails that plaintiffs negligence claim does not impermissibly duplicate a statutory claim in order to access punitive damages or extra-statutory remedies. Unlike the claims asserted in Brewer, then, plaintiffs' negligence claim is therefore not an attempt to access non-statutory remedies by affixing common law labels to statutory claims, so it need not be dismissed.

In essence, Walmart interprets Brewer and related cases to recognize a state law of field preemption whereby common law claims can never be used to expand the rights established by state statute. The Court disagrees that these cases establish such a broad, far-reaching principle. Instead, they only stand for the far more limited proposition that statutory claims cannot be given common law labels in order to recover punitive damages or other relief not provided for in the statute. See De Anza Santa Cruz Mobile Estates Homeowners Assn. v. De Anza Santa Cruz Mobile Estates, 94 Cal. App. 4th 890, 912 – 915 (2001). Accordingly, the Court finds that California law does not bar plaintiffs' negligence claim.

### C. Whether Defendant Owed Plaintiff a Duty of Care

"To prevail on their negligence claim, plaintiffs must show that [defendant] owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of their injuries." Merril v. Navegar, Inc., 26 Cal.4th 465, 477 (2001). The parties agree that California law recognizes, in some situations, a duty of employers to refrain from negligent hiring, retaining, and supervision. Philips v. TLC Plumbing, Inc., 172 Cal. App. 4th 1133, 1139 (2009). Defendant argues that on the facts alleged by plaintiff, however, there is no legal duty running from defendant to plaintiffs.

The existence of a legal duty of care given a particular set of facts is a question of law. Phillips, 172 Cal. App. 4th at 1139. To determine whether a duty exists, courts applying California law consider the Rowland factors:

> [1] the foreseeability of harm to the plaintiff, [2] the degree of certainty that the plaintiff suffered injury, [3] the closeness of the connection between the defendant's conduct and the injury suffered, [4] the moral blame attached to the defendant's conduct, [5] the policy of preventing future harm, [6] the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and [7] the availability, cost, and prevalence of insurance for the risk involved.

Rowland v. Christian, 69 Cal.2d 108, 113 (1968), superseded by statute, Cal. Civ. Code § 847, as recognized in Calvillo-Silva v. Home Grocery, 19 Cal.4th 714 (1998). When applying these factors in the context of negligent hiring claims, the California Supreme Court has stated that courts should consider whether "the individual alleged to be negligent in a hiring or retention decision knew or should have known of the dangerous propensities of the employee who injured the plaintiff," and whether "the employee's propensities posed a substantial risk of personal injury to the plaintiff or others in the same circumstances." C.A. v. William S. Hart Union High School Dist., 53 Cal.4th 861, 878 (2012).

Here, plaintiffs primarily point to two considerations to satisfy the Rowland factors: (1) the structure of Walmart's contract with SLTD, and (2) Walmart's knowledge of past labor and employment law violations committed by SLTD and its subcontractors. As mentioned above, with respect to the contract's structure, plaintiffs have alleged that it was not reasonably possible for SLTD to simultaneously meet productivity standards, stay within Walmart's labor and cost budgets, maintain a profit, and comply with all federal and state employment laws. TAC ¶ 113.

The Court finds that these considerations show that a duty exists under the Rowland factors. Accepting plaintiffs' allegations as true, the structure of Walmart's contract with SLTD created powerful incentives to violate wage and hour laws, which could be considered morally blameworthy. Additionally, the contract, as characterized in plaintiffs' allegations, gives rise to a state of affairs in which harm to plaintiffs is foreseeable, especially in light of the plaintiffs' allegations that Walmart knew or should have known that SLTD and other subcontractors would act in accordance with these unlawful incentives due to their track records of violating labor and employment laws. See, e.g., TAC ¶¶ 115 – 116. Moreover, because Walmart is alleged to have structured and negotiated the contract that created incentives to violate wage and hour laws, there is a sufficiently close connection between Walmart's conduct and the plaintiffs' harm. Finally, turning to the policy of preventing future harm and the effect on the community of imposing a duty on defendant, the Court finds that these factors weigh in favor of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

conclusion that a duty exists to avoid structuring contracts in a manner that creates incentives to violate employment laws. Lest there be any doubt regarding whether this finding is consistent with California policy, California recently enacted a statute providing that:

> A person or entity shall not enter into a contract or agreement for labor or services with a construction, farm labor, garment, janitorial, security guard, or warehouse contractor, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.

Cal. Lab. Code § 2810(a). California's policy therefore disfavors contracts that are financially structured to exacerbate the likelihood of violations of the labor and employment laws. Consequently, the Rowland factors weigh in favor of finding that a duty of care exists on these facts.

 Defendant resists this conclusion on several grounds, none of which is availing. First, defendant argues that plaintiffs have not pled sufficiently detailed facts explaining why the contract between SLTD and Walmart created incentives to violate the law. Plaintiffs have, however, pointed to the general features of the contract that create these incentives, and at the pleading stage, this level of factual detail is sufficient. Second, defendant argues that plaintiffs have not pled enough facts to show how Walmart learned either that wage and hour violations were occurring at the warehouses or that SLTD and other subcontractors had violated labor laws in the past. The Court also rejects this argument, and finds that plaintiffs have pled with the requisite specificity that Walmart knew or should have known about the alleged past and future violations of wage and hour law committed by its contractors and subcontractors.

 Finally, defendant argues that no legal duty can exist in this case because California will only recognize a duty of care when a defendant's conduct is intended to affect each individual plaintiff, not merely a class of individuals. The Court also rejects this argument. It is true that there is a line of California case law recognizing that, in order for a legal duty to exist, "[t]he conduct alleged to have been negligent must have been intended to affect [a] particular plaintiff, rather than just a class of persons to whom the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | May 13, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS, INC., ET AL. | | |

plaintiff happens to belong." Desert Healthcare Dist. v. PacifiCare FHP, Inc., 94 Cal. App. 4th 781, 792 (2001). This line of cases is inapposite, however, because it is only concerned with the special case of a plaintiff seeking to recover damages based on lost profits or another economic advantage. In such cases, the plaintiff must show the existence of a "special relationship" by proving that a transaction entered into by the defendant was intended to affect the particular plaintiff, and in the absence of such a relationship, economic damages are not available. J'aire Corp. v. Gregory, 24 Cal.3d 799, 808 (1979); Ottt v. Alfa-Laval Agri, Inc., 31 Cal. App. 4th 1439, 1455 – 56 (1995) ("[N]either the pleadings nor the evidence suggests the [product] was intended to affect the plaintiffs in any way particular to the plaintiffs, as opposed to all potential purchasers of the equipment. The absence of this foundation precludes a finding of 'special relationship' as required by J'Aire: to the extent the [product] was intended to affect the plaintiffs in the same way as all retail buyers, this becomes a traditional products liability or negligence case in which economic damages are not available."). Since plaintiffs are not seeking damages for lost profits or loss of an economic opportunity, but instead are seeking to enforce statutory rights, this line of cases is inapplicable.

Accordingly, the Court finds that defendant owed plaintiffs a legal duty to refrain from negligently hiring, retaining, and supervising contractors and subcontractors that it knew or should have known would violate applicable wage and hour laws.

V. CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |