UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

Not Present                          Not Present

**Proceedings:** (IN CHAMBERS:) PLAINTIFFS' EX PARTE APPLICATION FOR ORDER PERMITTING RELIANCE ON CLASS CERTIFICATION EXPERT DISCLOSED AFTER DEADLINE (Dkt. #496, filed November 25, 2013)

## I. INTRODUCTION

Pursuant to the Court's scheduling order entered on April 8, 2013, the last day to file a class certification motion in this matter is February 28, 2014. Dkt. #412. The parties were required to disclose the experts to be relied upon in class certification briefing by September 30, 2013. Id. The cut-off for exchange of class expert reports is January 10, 2014, and the cut-off for the exchange of class expert rebuttal reports is February 7, 2014. Id.

On November 25, 2013, plaintiffs filed an ex parte application pursuant to Federal Rule of Civil Procedure 37(c)(1), or in the alternative, Rule 16(b)(4), for an order permitting reliance on a class expert disclosed after the September 30, 2013 deadline. Dkt. #496. Defendants Walmart and Schneider Transloading and Distribution, Inc. ("SLTD") each filed an opposition on November 27, 2013. Dkt. #'s 499-500. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs state that, on September 30, 2013, they served on defendants an expert disclosure stating that plaintiffs intended to rely on Mike O'Brien of Setec Investigations as an expert witness in support of their motion for class certification. App. Ex. 2 at 1. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS INC., ET AL. | | |

their ex parte application, plaintiffs seek leave to designate on Dwight Steward in place of O'Brien. App. at 3; Traber Decl. Ex. 1. Plaintiffs argue that their application should be granted in order to address concerns raised by SLTD's now-withdrawn October 28, 2013 objection to O'Brien. App. at 1-3. SLTD initially objected to the use of O'Brien as an expert because O'Brien's employer, Setec Investigations, had been previously hired by SLTD to conduct searches of SLTD's files as part of SLTD's compliance with a discovery order issued by Magistrate Judge David Bristow on October 5, 2012. Id. at 6-7 (citing dkt. #313). SLTD objected to O'Brien on the grounds that Setec had extensive access to privileged information and documents during its searches of SLTD's files, and that a Setec employee could not also be used as plaintiffs' expert due to a conflict of interest. Id. at 7 (citing SLTD's Objection to Plaintiffs' Expert Disclosure).

In response to SLTD's objection, plaintiffs state that they proposed to designate a different expert to replace O'Brien. Id. at 8-9. According to plaintiffs, SLTD initially agreed to this proposal, but later changed its position and stated that it would withdraw its objection to plaintiffs' designation of O'Brien as an expert. Id. Although SLTD has formally withdrawn its objection to O'Brien, plaintiffs argue that they should nonetheless be permitted to designate Steward in place of O'Brien in order to avoid the disputes that would likely arise in the future as a result of O'Brien's affiliation with Setec. Id. at 12-14. Finally, plaintiffs note that the deadline for exchange of expert reports is January 10, 2014, and that plaintiffs' proposed designation of Steward will therefore allow for a timely exchange of expert reports and will not otherwise disrupt the litigation schedule. Id. at 14-15.

Defendants Wal-Mart and SLTD each filed oppositions to plaintiffs' application on November 27, 2013. Dkt. #'s 499-500. SLTD argues that plaintiffs should not be permitted to designate Steward in place of O'Brien because plaintiffs would thereby obtain the strategic benefit of designating an expert after reviewing the expert disclosures of SLTD and Walmart. SLTD Opp. App. at 7. SLTD also contends that any potential problems that might arise from O'Brien's association with Setec are of plaintiffs' own making, since plaintiffs were aware that Setec conducted searches of SLTD's documents in 2012 as part of SLTD's compliance with Judge Bristow's order. Id. at 9. Finally, SLTD contends that plaintiffs' concerns about O'Brien's association with Setec are speculative, since SLTD has withdrawn its objection to O'Brien. Id. at 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS INC., ET AL. | | |

Walmart raises similar arguments to those of SLTD in is opposition. See Walmart Opp. App. at 2-9. Additionally, Walmart posits that one of plaintiffs' motives for seeking to designate Steward in place of O'Brien is that plaintiffs realized, after reviewing defendants' expert disclosures, that O'Brien lacked sufficient credentials to effectively rebut defendants' expert testimony. Id. at 1-2.

### III. DISCUSSION

A party is not allowed to use a witness that it failed to disclose prior to a deadline set pursuant to Federal Rule of Civil Procedure 26(a), unless the failure was (1) "substantially justified" or (2) "is harmless." Fed. R. Civ. P. 37(c)(1).[1] The Court finds that plaintiffs have shown that their proposed designation of Steward in place of O'Brien is appropriate under either of these standards. First, although SLTD states that it has withdrawn its objection to plaintiffs' use of O'Brien as an expert, see Hillbo Decl. ¶ 8, the concerns raised in that objection have reasonably caused plaintiffs to believe that O'Brien should be replaced. In this regard, SLTD explained in its objection that Setec has a "conflict of interest created by the dual role" served by Setec as a plaintiffs' expert and a "neutral forensic consultant" charged with assisting SLTD in its compliance with Judge Bristow's discovery order. App. Ex. 3 at 1. Plaintiffs' request to designate Steward in place of O'Brien is substantially justified because it will ensure that the "order and efficiency" of this litigation will not be disrupted by future disputes related to Setec's dual role. Cf. Anderson v. Bristol, Inc., 936 F. Supp. 2d 1039, 1061 (S.D. Iowa 2013) (citing Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008)) (noting that "the extent to which allowing the [untimely disclosed] information or testimony would disrupt the order

---

[1] Walmart argues that plaintiffs' application is properly analyzed under Federal Rule of Civil Procedure 16(c)(4), which governs the modification of a scheduling order. Walmart Opp. App. at 2-3. Plaintiffs are not seeking to modify the scheduling order, but rather are seeking to make use of a witness disclosed after the deadline set forth in the scheduling order. See App. at 1-2. Rule 37(c)(1) is therefore the appropriate standard for decision of this motion. See Esposito v. Home Depot USA, Inc., 590 F.3d 72, 77 (1st Cir. 2009) (explaining that, where a district court has established an expert disclosure date, Rule 37(c)(1) provides the standard for determining if a party may use an untimely disclosed expert).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8557 CAS (DTBx) | Date | December 6, 2013 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS INC., ET AL. | | |

and efficiency of the trial" is a relevant factor in making a determination under Rule 37(c)(1)).

Second, plaintiffs' designation of Steward would not be prejudicial because the cut-off for the exchange of class expert reports is on January 10, 2014. See Dkt. #412. Therefore, defendants will not be faced with the prejudice of having to expend extra resources to respond to additional expert testimony after expert reports have already been exchanged. Moreover, if defendants require additional time to prepare their reports in light of the replacement of O'Brien with Steward, defendants may seek appropriate relief. See Fed. R. Civ. P. 16(c)(4). Any potential strategic advantage accruing to plaintiffs as a result of being permitted to rely on Steward in place of O'Brien is also highly speculative at this juncture, given that the parties have not yet exchanged expert reports. Finally, the Court notes that the parties will have the opportunity to exchange expert rebuttal reports, see dkt. #412, which further reduces the possibility of prejudice to defendants from plaintiffs' designation of O'Brien in place of Steward.

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's ex parte application to rely on Dwight Steward as an expert in lieu of Mike O'Brien is GRANTED.

IT IS SO ORDERED.

00 : 00

Initials of Preparer     CMJ