UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

Not Present                              Not Present

**Proceedings:** (IN CHAMBERS): SLTD'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT (Contained in Dkt.#460, filed October 15, 2013)

PLAINTIFFS' REQUEST TO STRIKE DECLARATION OF LAWRENCE KATZ (Dkt. #475, filed October 24, 2013)

WALMART'S REQUEST TO STRIKE PLAINTIFFS' RESPONSE REGARDING EVIDENTIARY ISSUES (Dkt. #476, filed October 25, 2013)

SLTD'S REQUEST TO STRIKE PLAINTIFFS' RESPONSE REGARDING EVIDENTIARY ISSUES (Dkt. #479, filed October 31, 2013)

   The factual background and procedural history for this case is set forth in the Court's orders on defendants' motions for partial summary judgment. This order addresses: (1) Schneider Logistics Transloading and Distribution, Inc.'s ("SLTD") evidentiary objections to plaintiffs' evidence cited by the Court in its order denying SLTD's motion for partial summary judgment, (2) plaintiffs' request to strike the Declaration of Lawrence Katz, Dkt. #475, (3) Walmart's request to strike plaintiffs' response regarding evidentiary issues on Walmart's motion for partial summary judgment, Dkt. #476, and (4) SLTD's request to strike plaintiffs' response regarding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

evidentiary issues on SLTD's motion for partial summary judgment, including SLTD's objections to the Declaration of Theresa Traber, Dkt. #479.[1]

I. **SLTD'S EVIDENTIARY OBJECTIONS**

A. **Objections Pursuant to Fed. R. Civ. P. 30 and C.D. Cal. L.R. 16-2.7, 32**

SLTD objects to a substantial portion of the deposition testimony offered by plaintiffs on the grounds that plaintiffs failed to comply with Local Rule 32 and Federal Rule of Civil Procedure 30(e)-(f). E.g., SLTD's Reply to Plaintiffs' Separate Statement in Opposition to SLTD's Motion for Partial Summary Judgment ¶¶ 171-72.

First, SLTD argues that the Court should disregard the deposition testimony offered by plaintiffs because plaintiffs failed to bracket deposition testimony as required by C.D. Cal. L.R. 32-2 (incorporating L.R. 16-2.7). Reply Mot. Summ. J. 2. While the Court recognizes that plaintiffs have not bracketed deposition testimony, the Court declines to disregard the testimony. Plaintiffs have cited to the page and line numbers of the deposition testimony that they rely on in their opposition, and that is sufficient to direct SLTD and the Court to the relevant deposition excerpts.

Second, SLTD objects to the deposition testimony offered by plaintiffs because the transcripts are not signed by the officer presiding over the deposition, as required by Fed, R. Civ. P. 30(f)(1). Reply Mot. Summ. J. 2. Plaintiffs corrected this deficiency by filing signed depositions on October 18, 2013. Dkt. #'s 468-69.

Third, SLTD objects to the deposition testimony offered by plaintiffs because the deposition transcripts were not signed by the deponent. Reply Mot. Summ. J. 2 (citing Fed. R. Civ. P. 30(e)-(f)). It does not appear to the Court that Fed. R. Civ. P. 30(e) or 30(f), or C.D. Cal. L.R. 32 requires that a deposition transcript be signed by the deponent. Rather, Fed. R. Civ. P. 30(e)(1)(B) merely requires that a deponent wishing to make

---

[1] To the extent that plaintiffs object to the evidence produced by defendants in their motions for partial summary judgment, those objections are overruled as moot because the Court does not rely on the objected-to evidence in ruling on defendants' motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

changes to a deposition transcript must "sign a statement listing the changes and the reasons for making them." In a corrected submission of deposition testimony filed on October 18, 2013, plaintiffs state that they have included the signed statements that they have been able to locate. Pls. Response to SLTD's Objections 3, Dkt. #468. To the extent that plaintiffs' deposition testimony still does not comply with these rules after plaintiffs' corrected submission, the Court declines to exclude the testimony on that basis. The Ninth Circuit has stated that "a deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification." Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002). As stated above, plaintiffs' deposition testimony meets this standard as a result of plaintiffs' corrected filing. See Dkt. #'s 468-69.

**B.     Objections Pursuant to Federal Rules of Evidence**

1.     SLSS ¶ 175 (citing Viramontes Dep. 129:5-19)

SLTD objects to this evidence on the grounds of lack of personal knowledge, speculation, and hearsay. Those objections are overruled. The witness appears to have personal knowledge because he is testifying based on telephone conversations that he had with SLTD personnel. Viramontes Dep. 131. The question does not call for speculation. Rather, the question called for the deponent's "best estimate" of the number of times that an Impact worker was terminated after being removed from the warehouse by SLTD. Id. at 129:17-18. The testimony is not hearsay because it is based on the statements of SLTD management, acting as agents of party opponent SLTD. See id. at 130-31.

2.     SLSS ¶ 176 (citing Cepeda Decl. ¶¶ 5-6)

SLTD objects to this evidence on the grounds of lack of personal knowledge, speculation, and hearsay. Those objections are overruled. The declarant's statements are based on conversations that he had with SLTD "managers or supervisors." Cepeda Decl. ¶ 5. The Court cannot discern a basis for the objection based on speculation. The declarant's statements regarding statements by SLTD supervisors are not hearsay because they are statements of agents of SLTD, a party opponent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

      3.    SLSS ¶¶ 259-60 (citing Flaherty Dep. 18:23-19:4, 200:16-201:15, 201:22-202:4)

    SLTD objects to this evidence on the grounds that it is irrelevant. The objection is overruled. This evidence is relevant because it relates to the third factor under the joint employer standard set forth in <u>Bonnette v. California Health & Welfare Agency</u>, 704 F.2d 1465, 1470 (9th Cir. 1983), which assesses whether the asserted joint employer exercised control over the plaintiff employees' rate and method of compensation.

      4.    SLSS ¶ 261 (citing Veach Dep. 362; Pittman Dep. 381:20-24)

    SLTD objects to this evidence on the grounds that it is irrelevant and constitutes hearsay. Those objections are overruled. The evidence is relevant because it relates to SLTD's control over the compensation of Premier and Impact employees.[2] <u>See</u> <u>Bonnette</u>, 704 F.2d at 1470. The evidence is not hearsay because it is based on the statements of agents of SLTD, a party opponent. The Court does not rely on plaintiffs' Exhibit 25, which is also cited in SLSS ¶ 261. Therefore, any objections to that exhibit are overruled as moot.

      5.    SLSS ¶ 228 (citing Welch Dep. 89:1-92:20; 97:19-21; 99:7-100:9; Cepeda Dep. 99:1-101:1)

    SLTD objects to this evidence as irrelevant. The objection is overruled because this evidence pertains to Impact employees' use of the SLTD timekeeping system. This fact is relevant to the fourth <u>Bonnette</u> factor, which assesses whether the asserted joint employer maintained employment records for the plaintiff employees. <u>See</u> 704 F.2d at 1470.

---

    [2] All references to "Premier" refer collectively to the entities Premier Warehousing Ventures, LLC ("PWV") and Rogers-Premier Unloading Services, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

      6.     SLSS ¶ 234 (citing Arceo Dep. 71:19-73:3; Pittman Dep. 191:1-192:21)

     SLTD objects to this evidence on the grounds of irrelevancy, lack of personal knowledge, speculation, and hearsay. These objections are overruled in part, and otherwise overruled as moot. The relevancy objection is overruled in its entirety because, like the evidence referenced in SLSS ¶ 228, this evidence pertains to Premier employees' use of the SLTD timekeeping system, which is relevant to the fourth factor under the Bonnette standard. See 704 F.2d 1465.

     Moreover, in portions of the cited deposition testimony, both deponents appear to be testifying based on their own experience and perception regarding the ownership of the timeclocks in use at the Mira Loma warehouses. See Arceo Dep. 71:19-72:13; Pittman Dep. 191:1-7. For these portions of the deposition testimony, the objections based on lack of personal knowledge, speculation, and hearsay are overruled. The Court does not rely on the remainder of the deposition testimony cited in SLSS ¶ 234 in considering SLTD's motion for partial summary judgment. Accordingly, any objections to that evidence are overruled as moot.

     To the extent that the parties object to any evidence not discussed in this order, the objections are overruled as moot because the Court does not rely on that evidence in ruling on this motion. If necessary, the parties may renew any and all evidentiary objections at trial.

**II.    PLAINTIFFS' REQUEST TO STRIKE KATZ DECLARATION**

     On October 18, 2013, plaintiffs filed a "Corrected Declaration of Lauren Teukolsky." Dkt. #469. The purpose of the declaration was to provide authentication for deposition transcripts that was missing from the initial set of depositions filed by plaintiffs.

     On October 23, 2013, Lawrence Katz, counsel for defendant Walmart, filed a response to the corrected declaration, arguing that the declaration constituted an unauthorized sur-reply to defendants' motions for summary judgment because it provided an additional seven paragraphs of argument not present in plaintiffs' initial filings in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

opposition to defendants' motions. This declaration was not accompanied by a request to strike.

On October 24, 2013, plaintiffs filed a request to strike Mr. Katz's declaration. Dkt. #475. Plaintiffs argue that the original Declaration of Lauren Teukolsky contained the seven paragraphs identified by Mr. Katz's declaration, and that their corrected declaration therefore did not contain additional argument.

Plaintiffs are correct that the original Declaration of Lauren Teukolsky contained these paragraphs. While the Court declines to strike the Katz declaration, the Court also declines to find that plaintiffs filed an inappropriate surreply.

### III. WALMART'S REQUEST TO STRIKE PLAINTIFFS' RESPONSE REGARDING EVIDENTIARY ISSUES

On October 24, 2013, plaintiffs filed a "Response Regarding Evidentiary Issues on Walmart's Motion for Partial Summary Judgment." Dkt. #472. In this response, plaintiffs object to evidence cited by Walmart in its statement of undisputed facts, Dkt. #423, and its reply to plaintiffs' statement of disputed issues, Dkt. #456.

On October 25, 2013, Walmart filed a request to strike this response, arguing that it was untimely under C.D. Cal. L. R. 7-10. The Court has not relied on plaintiffs' response in ruling on Walmart's motion for partial summary judgment. Accordingly, Walmart's request to strike is DENIED as moot.

### IV. SLTD'S REQUESTS TO STRIKE PLAINTIFFS' RESPONSES REGARDING EVIDENTIARY OBJECTIONS

On October 24, 2013, plaintiffs filed two responses to SLTD's evidentiary objections raised in SLTD's reply brief and its associated reply to plaintiffs' separate statement of material facts in support of its opposition to SLTD's motion for partial summary judgment. Dkt. #'s 473-74.

SLTD filed a request to strike these responses on October 31, 2013. Dkt. #479. SLTD argues that these responses violate C.D. Cal. L.R. 7-10 because they constitute an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

unauthorized response to a reply. The Court has not relied on plaintiffs' responses in ruling on SLTD's evidentiary objections. Accordingly, SLTD's request to strike is DENIED as moot.

    IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |