UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | | Date | January 14, 2014 |
|---|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANT SLTD'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. #429, filed August 30, 2013)

## I.    INTRODUCTION

On October 17, 2011, plaintiffs filed suit against Schneider Logistics, Inc. ("SLI"), Premier Warehousing Ventures, LLC ("PWV"), Rogers-Premier Unloading Services, LLC ("Rogers-Premier," and collectively with PWV, "Premier"), and Impact Logistics, Inc. ("Impact"). On October 28, 2011, plaintiffs filed their First Amended Complaint, which added Schneider Logistics Transloading and Distribution, Inc. ("SLTD") as a defendant in this case. Pursuant to a November 28, 2012 stipulation between the parties, plaintiffs filed a Second Amended Complaint, which removed a named plaintiff, updated factual allegations, and clarified class definitions. Additionally, over Walmart Stores, Inc.'s ("Walmart") objection, on January 11, 2013, plaintiffs were granted leave to file a Third Amended Complaint ("TAC") adding Walmart as a defendant. Pursuant to a July 17, 2013 stipulation between the parties, the Court dismissed SLI as a defendant.

The TAC is a class, collective, and representative action complaint. It asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the California Labor Code, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., and the common law for unpaid wages, failure to keep proper employment records, and related violations. TAC ¶¶ 134-254. Plaintiffs seek to represent two proposed classes. Id. ¶¶ 122-26. The first proposed class includes all individuals initially hired by Premier to perform work at Walmart's warehouses in Mira Loma, California, "during the applicable limitations periods." Id. ¶ 122. This class asserts the second through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

seventeenth claims for relief.[1]  Id.  The second proposed class asserts the second through twelfth, and fifteenth through seventeenth claims for relief, and consists of individuals initially hired by Impact to work at the warehouses during the applicable limitations periods.  Id. ¶ 124.[2]

On August 30, 2013, SLTD filed a motion for partial summary judgment, challenging its liability as an alleged joint employer under the FLSA and California law.  Dkt. #430.  Plaintiffs filed an opposition on September 30, 2013.[3]  Dkt. #434.  SLTD filed a reply on October 15, 2013.  Dkt. #458.  The Court held a hearing on November 4, 2013, and thereafter took this matter under submission.  After considering the parties' arguments, the Court finds and concludes as follows.

**II.   BACKGROUND**

Walmart receives, stores, and ships merchandise from warehouses located in Mira Loma, California.  SLTD's Separate Statement of Uncontroverted Material Facts ("SUMF") ¶ 13; Plaintiffs' Statement of Disputed Issues in Opposition to SLTD's Motion for Summary Judgment ("SLDI") ¶ 13.  Since 2006, SLTD has operated the

---

[1] This proposed class contains a subclass that asserts the ninth claim for relief, and includes all individuals hired by Premier to work at the warehouses from November 18, 2011, through February 24, 2012.  Id. ¶ 123.

[2] The second proposed class contains two subclasses.  The first subclass asserts the second through twelfth and fifteenth through seventeenth claims for relief, and consists of all individuals employed by Impact at the warehouses before SLTD began its operations at that location.  Id. ¶ 125.  The second subclass asserts the second through twelfth and fourteenth through seventeenth claims for relief.  Id. ¶ 126.  It consists of all employees hired by Impact to work at the warehouses after SLTD began its operations at that location.  Id.

[3] By order dated September 27, 2013, the Court granted plaintiffs' request to file a combined opposition to SLTD's and Walmart's separate motions for partial summary judgment.  Dkt. #433.  To avoid confusion, the Court will address each motion in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

warehouses pursuant to a contract with Walmart. SUMF ¶¶ 14-15; SLDI ¶¶ 14-15. SLTD contracted with Impact to provide merchandise loading and unloading services at the warehouses until August 2013, and contracted with Premier for the same purpose until February 2012. SUMF ¶¶ 17-18; SLDI ¶¶ 17-18.

Plaintiffs Esquivel, J. Chavez, Rangel, and Trujillo were employees of Impact who performed merchandise unloading services at warehouses located in Mira Loma. SUMF ¶¶ 1, 3-7; SLDI ¶¶ 1, 3-7. The period of employment varied for each plaintiff, but all of these plaintiffs were employed by Impact at some point between 2003 and 2013. Id. Plaintiffs Arceo, Carrillo, F. Chavez, and Flores were employees of Premier who performed merchandise loading services at the Mira Loma warehouses and other facilities. SUMF ¶¶ 2, 8-11; SLDI ¶¶ 2, 8-11. These plaintiffs were employed by Premier during various periods between 2009 and 2012. Id.

In the contracts between SLTD and Impact as well as SLTD and Premier, SLTD retained the authority to remove personnel from the Mira Loma warehouses "and from their assignment with SLTD" if SLTD became "dissatisfied with the[ir] performance or conduct." E.g., Plaintiffs' Separate Statement in Opposition to SLTD's Motion for Summary Judgment ("SLSS") ¶ 4 (citing Larson Decl. Ex. 2). SLTD supervisors exercised this authority on multiple occasions. SLSS ¶¶ 171-72 (citing Soriano Dep. 68-69; 82:7-24; 93:20-94:22); SLSS ¶ 175 (citing Viramontes Dep. 129:5-19); SLSS ¶ 176 (citing Cepeda Decl. ¶¶ 5-6). On several occasions, Premier and Impact employees were terminated from employment altogether after SLTD requested that they be removed from the Mira Loma warehouses. E.g., SLDI ¶ 85 (citing Soriano Dep. 100:23-102:3).

SLTD supervisors determined the number of cases that Premier employees were required to load each hour of each shift. SLSS ¶ 152 (citing Soriano Dep. 73:5-19). Similarly, SLTD supervisors gave work assignments directly to Impact employees on numerous occasions. SLSS ¶ 158 (citing Cepeda Dep. 68:8-69:9). In addition, SLTD does not dispute that it required Impact and Premier to conduct "specific drug tests and background checks" on all of their direct employees. SLSS ¶ 33.

SLTD does not dispute that its management expressed a preference for incentive-based payment systems during the 2009 bidding process for loading and unloading contracts. SLSS ¶¶ 259-60. In light of this preference, SLTD requested that Impact and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

Premier employees be paid based on "an incentive pay and compensation structure rather than an hourly wage." SLSS ¶ 261 (citing Veach Dep. 362; Pittman Dep. 381:20-24 (agreeing that "[SLTD] indicated that they wanted the actual employees to be paid on an incentive or on a production-rate basis")).

SLTD does not dispute that it maintained an individual file for each Impact or Premier worker containing forms related to an SLTD-mandated safety orientation. SLSS ¶ 60 (citing McKay Dep. 122-23). SLTD likewise does not dispute that Impact and Premier employees used SLTD's timekeeping system on certain occasions. SLSS ¶ 228 (citing Welch Dep. 89:1-92:20; 97:19-21; 99:7-100:9; Cepeda Dep. 99:1-101:1); SLSS ¶ 234 (citing Arceo Dep. 71:19-73:3; Pittman Dep. 191:1-192:21).

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

### A. Joint Employer Liability Under the FLSA

The FLSA defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g). It defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. § 203(d). These definitions are "given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." Lambert v. Ackerley, 180 F.3d 997, 1011-12 (9th Cir. 1999). The determination of whether an employer-employee relationship exists depends on the "economic reality" of the situation. Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997) (quoting Bonnette v. Cal. Health & Welf. Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)). While this determination does not depend on "isolated factors," Boucher v. Shaw, 572 F.3d 1087, 1090-91 (9th Cir. 2009) (quoting Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)), courts in this Circuit frequently rely on factors set forth in Bonnette, 704 F.2d at 1470, and Torres-Lopez, 111 F.3d at 640, to guide their analysis. E.g., Moreau v. Air France, 356 F.3d 942, 946-47 (9th Cir. 2003); see also 29 CFR § 791.2 (stating that the joint employer determination "depends on all the facts in a particular case").

The Bonnette factors assess whether the entity asserted to be a joint employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 704 F.2d at 1470; see also In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462, 469 (3d Cir. 2012) (applying a four-factor test similar to the Bonnette factors).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

The Torres-Lopez factors supplement, but do not replace, the Bonnette factors. They assess:

> "(1) whether the work was a specialty job on the production line, (2) whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes, (3) whether the premises and equipment of the employer are used for the work, (4) whether the employees had a business organization that could or did shift as a unit from one [worksite] to another, (5) whether the work was piecework and not work that required initiative, judgment or foresight, (6) whether the employee had an opportunity for profit or loss depending upon [the alleged employee's] managerial skill, (7) whether there was "permanence [in] the working relationship, and (8) whether the service rendered is an integral part of the alleged employer's business."

111 F.3d at 640 (internal quotations and citations omitted). It is not necessary for the Court to consider all of the Bonnette and Torres-Lopez factors in every case. For example, a court may decline to consider the Torres-Lopez factors if the Bonnette factors are "more pertinent." Maddock v. KB Homes, Inc., 631 F. Supp. 2d 1226, 1233-34 (C.D. Cal. 2007); accord McDonald v. Ricardo's on the Beach, Inc., 2013 WL 153860, at *2 (C.D. Cal. Jan. 5, 2013); see also In re Enterprise Litig., 683 F.3d at 469 (assessing joint employer status based on a four-factor test similar to Bonnette, without reliance on factors similar to the Torres-Lopez non-regulatory factors).

   1. Power to Hire and Fire Employees

The first Bonnette factor assesses whether the asserted joint employer had the power to hire or fire the plaintiff employees. The Court finds that a factual dispute exists as to whether SLTD had such power. Contracts between SLTD and Impact as well as SLTD and Premier show that SLTD retained the authority to remove personnel from the Mira Loma warehouses "and from their assignment with SLTD" if SLTD became "dissatisfied with the[ir] performance or conduct." E.g., SLSS ¶ 4 (citing Larson Decl. Ex. 2). SLTD supervisors exercised this authority on multiple occasions. SLSS ¶¶ 171-72 (citing Soriano Dep. 68-69; 82:7-24; 93:20-94:22); SLSS ¶ 175 (citing Viramontes Dep. 129:5-19); SLSS ¶ 176 (citing Cepeda Decl. ¶¶ 5-6). Moreover, plaintiffs provide evidence that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

Premier and Impact employees were terminated from employment altogether after SLTD requested that they be removed from the Mira Loma warehouses. E.g., SLDI ¶ 85 (citing Soriano Dep. 100:23-102:3).

SLTD argues that its authority to request that Premier and Impact employees be removed from the warehouses is not equivalent to the authority to fire those employees. Mot. Summ. J. 18-19; Reply Mot. Summ. J. 4. SLTD cites Rosales v. El Rancho Farms, 2011 WL 6153276, at *17 (E.D. Cal. Dec. 12, 2011), and Flores v. Albertsons, Inc., 2003 WL 24216269, at *3 (C.D. Cal. Dec. 9, 2003) in support of this argument. In Rosales, the court found that the defendant El Rancho Farms was not a joint employer of the plaintiff agricultural laborers, who were directly employed by a farm labor contractor. 2011 WL 6153276, at *19. In so finding, the court concluded that the farm lacked the authority to fire the plaintiffs. Id. at 17. While the court noted that El Rancho personnel had the authority to request a worker's removal from the farm, the farm labor contractor made the ultimate decision whether to fire the worker altogether, or transfer him to another worksite. Id. The Court explained, apparently conflating the first and second Bonnette factors, that El Rancho's power of removal was consistent with the desire to ensure that the work on the farm was being done properly, and was therefore analogous to the situation in Moreau, 356 F.3d at 950-51 (holding that the exercise of indirect supervision over employees in order to ensure compliance with safety regulations did not weigh in favor of finding joint employment). Id. Similarly, in Flores, the court found that several supermarket companies did not have the power to hire or fire members of the plaintiff class because there was "no evidence that the [supermarkets] had the power to hire or fire the employees directly." 2003 WL 24216269, at *3. This was so even though "requests by the [asserted joint employer] to retain or dismiss an individual employee were routinely granted." Id.

The Court is unpersuaded by the reasoning in Flores and Rosales. The Ninth Circuit stated in Torres-Lopez that the "right, directly or indirectly, to hire [or] fire . . . workers" weighs in favor of a finding of joint employment. 111 F.3d at 640 (citing 29 CFR § 500.20(h)(4)(ii)).[4] Here, the evidence of SLTD's authority to remove employees from

---

[4] The Court recognizes that the Torres-Lopez court was citing a regulation promulgated under the Migrant and Seasonal Agricultural Worker Protection Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

the Mira Loma warehouses, combined with the evidence that this removal resulted in termination on several occasions, is sufficient to create a genuine dispute of material fact as to whether SLTD had the power to indirectly fire employees at the warehouses.

  2. Control over Work Schedules and Employment Conditions

 The second <u>Bonnette</u> factor assesses whether the asserted joint employer exercised control over the employees' work schedules and employment conditions.  The Court finds that a triable issue of fact exists regarding whether SLTD exercised such control.  Plaintiffs' evidence suggests that SLTD supervisors determined the number of cases that Premier employees were required to load per hour of each shift.  SLSS ¶ 152 (citing Soriano Dep. 73:5-19).  Similarly, plaintiffs have produced evidence that SLTD supervisors gave work assignments directly to Impact employees on numerous occasions.  SLSS ¶ 158 (citing Cepeda Dep. 68:8-69:9).  In addition, SLTD does not dispute that it requires Impact and Premier to conduct "specific drug tests and background checks" on all of their direct employees.  SLSS ¶ 33.

 SLTD argues that the presence of its employees in the warehouses is "illustrative of prudent business practices, not an act of supervision or control."  Mot. Summ. J. 20 (citing <u>Moreau</u>, 356 F.3d 942).  SLTD's reliance on <u>Moreau</u> is unavailing.  In <u>Moreau</u>, the Ninth Circuit held that Air France was not a joint employer of a group of airport ground handling personnel, who were employed by a separate contractor.  356 F.3d at 952.  The court partly based its conclusion on the fact that "[t]here [was] no indication that Air France had the authority to directly 'control' any of the workers, but would instead communicate any complaints about performance to the [ground handling] company's supervisors."  <u>Id.</u> at 951-52.  Here, by contrast, there appears to be a material issue of disputed fact as to whether SLTD supervisors controlled work schedules and employment conditions.  <u>See</u> SLSS ¶¶ 152, 158.

---

("AWPA"), 29 U.S.C. §§ 1801-1872, for this proposition.  However, AWPA regulations are informative of the joint employment inquiry under the FLSA because the term "employ" has the same meaning under the FLSA and the AWPA.  111 F.3d at 639.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

    3.    Determination of Rate and Method of Payment

The third <u>Bonnette</u> factor assesses whether the asserted joint employer determined the rate and method of the employees' payment. SLTD does not dispute that its management expressed a preference for incentive-based payment systems during the bidding process for loading and unloading contracts that occurred in 2009. SLSS ¶ 259-60. Deposition testimony similarly indicates that SLTD requested that Impact and Premier employees be paid based on "an incentive pay and compensation structure rather than an hourly wage." Veach Dep. 362; <u>see also</u> Pittman Dep. 381:20-24 (agreeing that "[SLTD] indicated that they wanted the actual employees to be paid on an incentive or on a production-rate basis"). Based on this evidence, the Court concludes that a genuine issue of fact exists as to whether SLTD determined the rate and method of payment of Premier and Impact employees.

SLTD resists this conclusion, arguing that "the third <u>Bonnette</u> factor is not met" unless plaintiffs show that SLTD actually determined the method and rate of Impact and Premier employees' pay. Mot. Summ. J. 21-22; Reply Mot. Summ. J. 6. According to SLTD, influencing the employees' pay during contract negotiations is insufficient to create a joint employment relationship. The Court is not persuaded by this argument. SLTD's characterization of the standard for prevailing under this factor is at odds with the Ninth Circuit's decision in <u>Torres-Lopez</u>, where the court reversed the district court's grant of summary judgment to defendants on the joint employer issue based in part on the observation that the defendant Bear Creek Farms "exercised <u>some power</u> in determining the pay rates" for the plaintiff farmworkers. 111 F.3d at 643 (emphasis added).

    4.    Maintenance of Employment Records

The fourth <u>Bonnette</u> factor assesses whether the asserted joint employer maintained employment records for the plaintiff employees. SLTD does not dispute that it maintained an individual file for each Impact or Premier worker containing forms related to SLTD-mandated safety orientation. SLSS ¶ 60 (citing McKay Dep. 122-23). SLTD likewise does not dispute that Impact and Premier employees used SLTD's timekeeping system on certain occasions. SLSS ¶ 228 (citing Welch Dep. 89:1-92:20; 97:19-21;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

99:7-100:9; Cepeda Dep. 99:1-101:1); SLSS ¶ 234 (citing Arceo Dep. 71:19-73:3; Pittman Dep. 191:1-192:21). Based on this evidence, the Court concludes that a factual dispute exists as to whether SLTD maintained plaintiffs' employment records.

SLTD contends that providing safety training and keeping documentation about that training is immaterial to the joint employer inquiry. Reply Mot. Summ. J. 6. SLTD cites Vernon v. State, 116 Cal. App. 4th 114, 132 (2004) in support of its argument. Id. That case is inapposite. In Vernon, the California Court of Appeal held that the State of California was not a joint employer of the plaintiff-appellant, a firefighter, under the FEHA. Vernon, 116 Cal. App. 4th at 131. The appellant argued that the state was his joint employer, along with the City of Berkeley, because the state enacted safety regulations that governed his job performance. Id. at 127. The court rejected this argument, reasoning that the mere enactment of safety regulations was far removed from any actual control over the appellant's job performance. Id. at 126-27. SLTD analogizes the safety regulations in Vernon to the safety training that occurred in this case. The enactment of safety regulations that govern an entire industry can occur without any direct contact between the regulatory agency and the employee. By contrast, SLTD's conducting of safety training indicates direct involvement with Premier and Impact employees that was not present in Vernon. As such, the Court finds that plaintiffs have produced evidence that creates a disputed issue of material fact as to this factor.

     5.    The Torres-Lopez Non-Regulatory Factors

SLTD does not address the Torres-Lopez non-regulatory factors in its opening brief. In its reply, SLTD does not affirmatively argue that any of the Torres-Lopez factors weigh in favor of granting its motion. Reply Mot. Summ. J. 7. Rather, SLTD states that plaintiffs fail to present any evidence relating to SLTD regarding seven of the eight factors, and that the factors therefore cannot be balanced, and "carry no weight with respect to SLTD." Id. The Court need not address this contention, because the Court concludes that plaintiffs have presented sufficient evidence under the Bonnette factors to demonstrate a triable issue of fact as to SLTD's joint employer status under the FLSA. Cf. Khadera v. ABM Indus., Inc., 2012 WL 588754, at *2-4 (W.D. Wash. Feb. 21, 2012); Maddock v. KB Homes, Inc., 631 F. Supp. 2d 1226, 1233-34 (C.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

**B.    Joint Employer Liability under California Law**

Under California law, "employ" means (1) "to exercise control over . . . wages, hours or working conditions," (2) "to suffer or permit to work," or (3) "to engage, thereby creating a common law employment relationship." Martinez v. Combs, 49 Cal. 4th 35, 64 (2010) (analyzing Cal. Code Regs. tit. 8, § 11140 and the common law). Under the first definition, control over wages, hours, or working conditions can be exercised "directly or indirectly." E.g., Cal. Code Regs. tit. 8, § 11140(2)(G).

Plaintiffs do not separately address SLTD's contention that it is not a joint employer under California law. Rather, plaintiffs incorporate their discussion of the FLSA joint employer standard by reference, and argue that summary judgment should be denied as to SLTD's joint employer status under California law because the "suffer or permit" standard is similar to the FLSA's definition of employer, and the "exercise control" standard is "particularly broad." Opp. Mot. Summ. J. 29 n.7. The Court agrees with plaintiffs that the evidence regarding SLTD's joint employer status under the FLSA also informs the inquiry under California law.[5] In the interest of brevity, the Court will not repeat the evidence cited in section A above. Rather, it is sufficient to state that the evidence produced by plaintiffs pertaining to the first three Bonnette factors persuades the Court that a genuine factual dispute exists as to whether SLTD "directly or indirectly .

---

[5] The Court acknowledges that the definitions of employer under California law are distinct from the definition under the FLSA, and the California definition does not incorporate the FLSA definition. Martinez, 49 Cal. 4th at 59. Nonetheless, the same evidence is relevant to both inquiries. Guerrero v. Superior Court, 213 Cal. App. 4th 912, 949-50 (2013) (analyzing the asserted joint employer's control over hiring and firing, wages, and job tasks); see also Rios v. Airborne Express, Inc., 2006 WL 2067847, *2 (N.D. Cal. July 24, 2006) (noting the "similarities underlying the FLSA" and California labor laws). Moreover, the California Court of Appeal has suggested that the joint employer standard under California law should be given a broader interpretation than the federal standard. See Guerrero, 213 Cal. App. 4th at 945 (referring to the "narrower federal standard govern[ing] the definition of employer"). Therefore, a finding of genuine factual disputes regarding FLSA joint employer status would support the same finding under California law. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

. . exercise[d] control over the wages, hours, or working conditions" of the Impact and Premier employees at the Mira Loma warehouses. See, e.g., Cal. Code Regs. tit. 8, § 11140(2)(G).

SLTD argues, both in its opening brief and its reply, that it did not exercise sufficient control over plaintiffs' wages or work schedules to be considered a joint employer under California law. Mot. Summ. J. 10-17; Reply Mot. Summ. J. 10. In this regard, SLTD argues that this case is factually analogous to Martinez and Futtrell v. Payday California, 190 Cal. App. 4th 1419 (2010). Both of these cases are distinguishable. In those cases, the plaintiffs failed to produce any evidence that the asserted joint employers influenced whether the plaintiffs were hired or fired or how the plaintiffs were compensated. See Martinez, 49 Cal. 4th at 71 ("The undisputed facts . . . show that [the plaintiffs' direct employer] alone controlled plaintiffs' wages, hours and working conditions."); Futtrell, 190 Cal. App. 4th at 1424 (company that provided payroll processing services to plaintiff's direct employer, and nothing more, was not joint employer).

SLTD also argues that it is not plaintiffs' joint employer under the "suffer or permit" or common law tests for employment described in Martinez, 49 Cal. 4th at 64. Mot. Summ. J. 14-17. The Court need not address these arguments because it concludes that a triable issue of fact exists under the "directly or indirectly . . . control" test.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant SLTD's motion for partial summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |