UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL (Dkt. #518, filed February 18, 2014)

## I.    INTRODUCTION AND BACKGROUND

A hearing on plaintiffs' motion for preliminary approval of their settlement with defendants Premier Warehousing Ventures, LLC, Rogers-Premier Unloading Services, LLC (collectively, "Premier") and Impact Logistics, Inc. ("Impact") is currently scheduled for March 17, 2014.  In brief, the motion seeks conditional certification of (1) a class of non-exempt employees employed by Premier at any warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner Avenue and/or 11900 Riverside Drive in Eastvale, California, at any time from February 19, 2009 through February 24, 2012; and (2) a class of all non-exempt employees employed by Impact in warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner Avenue and/or 11900 Riverside Drive in Eastvale, California at any time from 2001 through August 9, 2013.  Dkt. #517 at 1.  The motion also seeks appointment of class representatives and class counsel, approval of the form and method of notice to prospective class members, the appointment of a claims administrator, and the scheduling of a hearing for final approval of the settlements.  Id. at 2.

Defendant Wal-Mart Stores East, LP ("Walmart") filed this ex parte application on February 18, 2014, seeking an extension of time to respond to the motion for preliminary approval.  Dkt. #518.  Defendant Schneider Logistics Transloading and Distribution, Inc. ("SLTD") joined in the application on February 19, 2014.  Dkt. #520.  Plaintiffs filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

opposition, also on February 19, 2014. Dkt. #523. After considering the parties' arguments, the Court finds that a continuance should not be granted because defendants lack standing to object to the proposed settlement.

## II. DISCUSSION

Defendants contend that the proposed settlement is unfair, and that defendants will be prejudiced by preliminary approval of this settlement. Defendants argue that they will be prejudiced in two ways. First, they argue that their opposition to plaintiffs' motion for class certification as to the non-settling defendants, scheduled to be filed on February 28, 2014, will be hindered if the Court has already conditionally certified a class for settlement purposes as to Impact and Premier. Second, defendants argue that the proposed settlement "contemplates" that Impact and Premier will bring motions for orders barring claims for indemnification and contribution by the non-settling defendants. SLTD also asserts that Premier notified the parties on January 31, 2014, of its intention to move for an order barring any potential contribution or indemnification claims by the non-settling defendants. Kane Decl. ¶ 5. Based on these arguments, defendants aver that additional time is necessary for them to adequately respond to the motion for preliminary approval.

Plaintiffs respond that defendants have no standing to object to preliminary approval because they will not suffer "formal legal prejudice" if the settlement is approved. Opp. at 6 (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 582-84 (9th Cir. 1987). Additionally, plaintiffs argue that the settlement does not address issues of indemnification or contribution. Finally, plaintiffs contend that the settling parties will be prejudiced by a continuance because of the precarious financial position of the plaintiffs and because, if preliminary approval is denied, Impact and Premier will continue to be involved in this case without having preserved any arguments that they might have made in opposition to class certification.

The Court finds that Walmart and SLTD have not set forth good cause for a continuance of the hearing on the motion for preliminary approval because a "non-settling defendant, in general, lacks standing to object to a partial settlement." Waller, 828 F.2d at 582. An exception exists to this rule when the non-settling defendant can demonstrate that "it will suffer some plain legal prejudice as a result" of the settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

Id. at 583 (citation omitted).  This standard is met when a partial settlement "purports to strip [the non-settling defendant] of a legal claim or cause of action, [such as] an action for indemnity or contribution."  Id.  Similarly, plain legal prejudice may exist when a settlement "invalidates the contract rights of one not participating in the settlement."  Id.; see also Agretti v. ANR Freight System, Inc., 982 F.2d 242, 247 (7th Cir. 1992) (holding that plain legal prejudice includes "any interference with a party's contract rights or a party's ability to seek contribution or indemnification," as well as the loss of a "legal claim or cause of action, such as a cross-claim or the right to present relevant evidence at trial").

      Here, defendants have not shown that they will suffer plain legal prejudice of the sort described in Waller.  Rather, defendants argue that their efforts to oppose class certification as to plaintiff's claims against Walmart and SLTD will be more difficult if the Court has conditionally certified a class for settlement with Impact and Premier.  The crux of this argument is that approval of a proposed settlement puts Walmart and SLTD at a "tactical disadvantage in the continuing litigation."  Waller, 828 F.2d at 584.  This argument fails because a tactical disadvantage "does not constitute plain legal prejudice."  Id.; see also Agretti, 982 F.2d at 247 ("Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice.").[1]  To the extent that Walmart and SLTD intend to argue that they would suffer plain legal prejudice as a result of an order barring claims for contribution or indemnification against Impact and Premier, that argument is premature because Impact and Premier have not yet sought such an order, and the Impact and Premier settlement agreements do not impose such bars, see dkt. #517, Exs. A-B.  Thus, the Court concludes

---

    [1] Moreover, even if a tactical disadvantage were sufficient to establish such prejudice, the tactical disadvantage suffered by SLTD and Walmart as a result of a preliminary approval of the settlement as to Impact and Premier would be minimal.  In this regard, the arguments for and against class certification as to SLTD and Walmart are likely to be different that the arguments for and against class certification as to Impact and Premier.  This is so because Walmart's and SLTD's employment relationship with plaintiffs was of a different character than plaintiff's employment relationship with Impact and Premier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

that continuance of the hearing on the motion for preliminary approval of the settlement is not warranted because Walmart and SLTD lack standing to object.[2]

### III. CONCLUSION

Accordingly, defendants' ex parte application is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] Since the Court concludes that a continuance is not appropriate due to that fact that Walmart and SLTD lack standing to object to this proposed settlement, the Court need not address the parties' remaining arguments as to whether the present application should be granted.