UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-8557-CAS-DTBx | Date | March 19, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers:) ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AS TO DEFENDANTS IMPACT LOGISTICS, INC., ROGERS-PREMIER UNLOADING SERVICES LLC, AND PREMIER WAREHOUSING VENTURES LLC

I.  INTRODUCTION AND BACKGROUND

On February 14, 2014, plaintiffs filed a motion for preliminary approval of their settlement with defendants Premier Warehousing Ventures, LLC, Rogers-Premier Unloading Services, LLC (collectively, "Premier") and Impact Logistics, Inc. ("Impact"). Dkt. #517. In brief, the motion seeks conditional certification of (1) a class of non-exempt employees employed by Premier at any warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner Avenue and/or 11900 Riverside Drive in Eastvale, California, at any time from February 19, 2009 through February 24, 2012; and (2) a class of all non-exempt employees employed by Impact in warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner Avenue and/or 11900 Riverside Drive in Eastvale, California at any time from 2001 through August 9, 2013. Dkt. #517 at 1. The motion also seeks appointment of class representatives and class counsel, approval of the form and method of notice to prospective class members, the appointment of a claims administrator, and the scheduling of a hearing for final approval of the settlements. Id. at 2.

On February 18, 2014, defendants Wal-Mart Stores East, LP ("Walmart"), and Schneider Logistics Transloading and Distribution, Inc. ("SLTD") filed an ex parte application seeking an extension of time to respond to plaintiff's motion for preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS-DTBx | Date | March 19, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

approval. The Court denied that application by order dated February 21, 2014. Dkt. #526. In that order, the Court stated that Walmart and SLTD lacked standing to oppose the motion for preliminary approval because such approval would not cause them to suffer any formal legal prejudice. Id. (citing Waller v. Fin. Corp. of Am., 828 F.2d 579, 582-84 (9th Cir. 1987)). Thereafter, SLTD and Walmart each filed an opposition to the motion for preliminary approval on February 24, 2014, dkt. #'s 527, 529, and plaintiffs replied on March 3, 2014, dkt. #553.[1] The Court held a hearing on March 17, 2014. After considering the parties' arguments at the hearing, as well as the arguments set forth in the filings described above, the Court finds and concludes as follows.

**II.      DISCUSSION**

As the Court stated in its order dated February 21, 2014, Walmart and SLTD lack standing to oppose preliminary approval of this settlement because a "non-settling defendant, in general, lacks standing to object to a partial settlement." Waller, 828 F.2d at 582. An exception exists to this rule when the non-settling defendant can demonstrate that "it will suffer some plain legal prejudice as a result" of the settlement. Id. at 583 (citation omitted). This standard is met when a partial settlement "purports to strip [the non-settling defendant] of a legal claim or cause of action, [such as] an action for indemnity or contribution." Id. Similarly, plain legal prejudice may exist when a settlement "invalidates the contract rights of one not participating in the settlement." Id.; see also Agretti v. ANR Freight System, Inc., 982 F.2d 242, 247 (7th Cir. 1992) (holding that plain legal prejudice includes "any interference with a party's contract rights or a party's ability to seek contribution or indemnification," as well as the loss of a "legal claim or cause of action, such as a cross-claim or the right to present relevant evidence at trial").

Here, defendants have not shown that they will suffer plain legal prejudice of the sort described in Waller. Rather, defendants argue that their efforts to oppose class certification as to plaintiff's claims against Walmart and SLTD will be more difficult if the Court has conditionally certified a class for settlement with Impact and Premier. The

---

[1] On March 14, 2014, plaintiffs also filed an objection to a declaration appended to Walmart's opposition, dkt. #560, and Walmart responded on that same day, dkt. #563.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS-DTBx | Date | March 19, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

crux of this argument is that approval of a proposed settlement puts Walmart and SLTD at a "tactical disadvantage in the continuing litigation." Waller, 828 F.2d at 584. This argument fails because a tactical disadvantage "does not constitute plain legal prejudice." Id.; see also Agretti, 982 F.2d at 247 ("Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice.").[2] To the extent that Walmart and SLTD intend to argue that they would suffer plain legal prejudice as a result of an order barring claims for contribution or indemnification against Impact and Premier, that argument is premature because Impact and Premier have not yet sought such an order, and the Impact and Premier settlement agreements do not impose such bars, see dkt. #517, Exs. A-B.[3]

At oral argument, SLTD argued that In re Jiffy Lube Securities Litigation, 927 F.2d 155 (4th Cir. 1991), stood for the proposition that granting preliminary approval would cause SLTD and Walmart formal legal prejudice, such that they would have standing to oppose the present motion. The Court disagrees. In Jiffy Lube, the district court approved a partial settlement in a securities class action brought against Jiffy Lube International, Inc. ("JLI"), its officers, underwriters, securities brokerage firms, and Ernst & Young. Id. at 157-58. The settlement disposed of the plaintiffs' claims against all defendants except Ernst &Young. Id. One condition of the settlement was a bar order enjoining Ernst & Young from bringing contribution or indemnification claims against the settling defendants. Id. at 158. Another clause of the agreement granted Ernst & Young the right to set off the amounts paid in the settlement against any future judgment

---

[2] Moreover, even if a tactical disadvantage were sufficient to establish such prejudice, the tactical disadvantage suffered by SLTD and Walmart as a result of a preliminary approval of the settlement as to Impact and Premier would be minimal. In this regard, the arguments for and against class certification as to SLTD and Walmart are likely to be different that the arguments for and against class certification as to Impact and Premier. This is so because Walmart's and SLTD's employment relationship with plaintiffs was of a different character than plaintiff's employment relationship with Impact and Premier.

[3] Although Walmart and SLTD lack standing to object to preliminary approval, the Court has nonetheless considered the arguments set forth in their respective oppositions. However, the Court finds these arguments unpersuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS-DTBx | Date | March 19, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

entered against it in the action. The agreement deferred determining the method of setoff "until such time as a judgment may be entered" against Ernst & Young. Id. at 158. Ernst & Young appealed the district court's final approval of the settlement, and the Fourth Circuit reversed. The court stated that the district court's failure to designate a method of setoff prejudiced the plaintiff class members because "the method of setoff chosen affects the desirability of the proposed partial settlement." Id. at 161. The court also noted that the "failure to designate a setoff method expose[d] Ernst & Young to the risk of receiving inadequate credit for the contribution bar imposed on it." Id. at 161. For these reasons, the court vacated the proposed settlement agreement and remanded the case to the district court to amend the settlement agreement to specify the setoff method to be used. Id. at 162.

Jiffy Lube is inapposite because here, unlike the settlement agreement in Jiffy Lube, the settlement agreements with Impact and Premier do not provide for a bar order. The propriety of a bar order in the present case will not be decided until (and if) Impact and Premier seek such an order. Thus, the potential harm to the plaintiff class members discussed in Jiffy Lube is not present here, since the imposition of a bar order (and resulting setoff) is uncertain. Any concern about harm to plaintiff class members due to lack of information about the method of setoff is purely speculative at this stage.

Moreover, if an when Premier and Impact seek a bar order, Walmart and SLTD will be permitted to mount an opposition. At this stage, however, Walmart and SLTD have not demonstrated the type of prejudice suffered by plaintiffs and Ernst & Young in Jiffy Lube, since a bar order is not a condition of the present settlements. The Court accordingly concludes that Walmart and SLTD have not established standing to object to preliminary approval of this settlement.

### III.   CONCLUSION

In accordance with the foregoing, the Court finds that plaintiffs' motion for preliminary approval should be GRANTED for the reasons set forth in the proposed order appended to plaintiffs' motion. Plaintiffs are directed to submit a revised order preliminarily approving the settlement, which sets forth calendar dates for the following:

- The mailing of notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS-DTBx | Date | March 19, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

- The deadline for opting out or objecting to the settlement
- The deadline for submission of claim forms
- The briefing schedule for motions for final approval of the settlement

The Court will separately sign and issue that revised order.  The Court further directs the parties to set a hearing re: final approval of the settlements to occur at 12:00pm on a Monday which is not less than 14 days after the deadline for submission of the final brief re: final approval of the settlement.

  IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
|  | Initials of Preparer | RGN/CMJ |