UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:** (In Chambers:) DEFENDANT WAL-MART'S MOTION TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(b) (Dkt. #525, filed Feb. 20, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 24, 2014, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

The facts of this case are known to the parties and are set forth in this Court's prior orders on defendant Wal-Mart Stores East LLP's ("Walmart") motion for summary judgment, dkt. #512, and Walmart's motion to dismiss, dkt. #414. The facts and procedural history most relevant to the present motion are as follows. On August 30, 2013, Walmart moved for partial summary judgment. Dkt. #422. In that motion, Walmart sought a determination that it was not plaintiffs' joint employer under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., or under California law. Id. The Court denied Walmart's motion by order dated January 14, 2014, finding that summary judgment was inappropriate because genuine disputes of material fact existed as to the particulars of Walmart's employment relationship with plaintiffs. Dkt. #512.

On February 20, 2014, Walmart filed a motion pursuant to 28 U.S.C. § 1292(b), seeking to certify for interlocutory appeal the Court's order denying summary judgment to Walmart. Dkt. #525. Plaintiffs filed an opposition on March 3, 2014, dkt. #552, and Walmart replied on March 10, 2014, dkt. #556. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

## II.   LEGAL STANDARD

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.3d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id.; 28 U.S.C. § 1292(b). An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.3d at 1026 (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)); Fukuda v. County of Los Angeles, 630 F. Supp. 228, 299 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

## III.   DISCUSSION

In denying Walmart's motion for summary judgment, the Court concluded that there are genuine issues of material fact underlying the question of whether Walmart is a joint employer pursuant to the FLSA or California labor laws. In reaching this conclusion as to the FLSA, the Court applied settled Ninth Circuit law, which provides that the determination of whether an employer-employee relationship exists depends on the "economic reality" of the situation. Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997) (quoting Bonnette v. Cal. Health & Welf. Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)). The Court applied the factors set forth in Bonnette, 704 F.2d at 1470, and Torres-Lopez, 111 F.3d at 640, to guide its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

The <u>Bonnette</u> factors assess whether the entity asserted to be a joint employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." 704 F.2d at 1470; <u>see also</u> <u>In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig.</u>, 683 F.3d 462, 469 (3d Cir. 2012) (applying a four-factor test similar to the <u>Bonnette</u> factors).

The <u>Torres-Lopez</u> factors assess the following:

(1) whether the work was a specialty job on the production line, (2) whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes, (3) whether the premises and equipment of the employer are used for the work, (4) whether the employees had a business organization that could or did shift as a unit from one [worksite] to another, (5) whether the work was piecework and not work that required initiative, judgment or foresight, (6) whether the employee had an opportunity for profit or loss depending upon [the alleged employee's] managerial skill, (7) whether there was "permanence [in] the working relationship, and (8) whether the service rendered is an integral part of the alleged employer's business.

111 F.3d at 640 (internal quotations and citations omitted). The Court concluded that Walmart's motion for summary judgment should be denied because genuine factual disputes existed with regard to the first three <u>Bonnette</u> factors, and the first, third, fifth, seventh, and eighth <u>Torres-Lopez</u> factors.

Walmart argues that this Court's order denying summary judgment on the issue of joint employer liability should be certified for interlocutory appeal because, according to Walmart, a substantial difference of opinion exists regarding the following question of law: "Can a company's indirect influence over its contractor's subcontractor's employees—resulting from its operating standards, oversight, and auditing of its contractor's management of its warehouse facility—establish joint employment of the warehouse workers for purposes of wage-hour liability?" Mot. Certify at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

  The Court disagrees, and finds that Walmart has failed to satisfy each of the three factors required for certification of an interlocutory appeal.[1] First, Walmart has not set forth a "controlling question of law," see 28 U.S.C. § 1292(b), because a question of law under section 1292(b) must be "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than . . . whether the party opposing summary judgment had raised a genuine issue of material fact." See Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). The law in the Ninth Circuit regarding the framework for determining joint employer liability under the FLSA is well settled, and is set forth above. The Court denied summary judgment to Walmart after applying the Bonnette and Torres-Lopez factors to the particular facts of this case.[2] Walmart contends that the presence of two contractual layers between itself and plaintiffs makes this case exceptional. However, the Bonnette and Torres-Lopez factors do not attach any particular significance to the contractual relationships between the parties. Indeed, as stated above, those cases emphasize that the "economic reality" is the key consideration and not any particular fact or set of facts in isolation. The Court denied summary judgment because the facts surrounding the economic reality of the employment relationship were sharply disputed. While Walmart clearly disagrees with the Court's view of those facts, that type of disagreement does not create a controlling question of law.[3] See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir.

---

  [1] The parties make passing references to this Court's denial of summary judgment as to joint employer liability under California law, but focus their arguments on the Court's findings under the FLSA. The Court does not separately address the propriety of an interlocutory appeal as to the portion of its summary judgment order applying California law. Rather, it is sufficient to state that an interlocutory appeal of the denial of summary judgment as to joint employer liability under California law should be denied for substantially the same reasons that certification is inappropriate as to the FLSA.

  [2] Similarly, in denying summary judgment as to joint employer liability under California law, the Court applied the well-settled framework set forth in the California Supreme Court's decision in Martinez v. Combs, 49 Cal. 4th 35, 68 (2010).

  [3] Walmart argues that the joint employment inquiry is a question of law, and therefore certification of an order pertaining to joint employment likewise implicates a question of law. While Walmart is correct that the joint employment inquiry is a question

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether . . . the district court properly applied settled law to the facts or evidence of a particular case."); see also Ahrenholz, 219 F.3d at 677 (stating that certification under § 1292(b) is inappropriate if the Court of Appeals would have to go "hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there").

     Second, Walmart has not set forth "substantial grounds for difference of opinion" for substantially the same reason that it has not set forth a controlling question of law, namely, because the fact that "settled law might be applied differently does not establish a substantial ground for difference of opinion" about a pure legal question. Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). As stated above, Walmart disagrees with this Court's application of the Bonnette and Torres-Lopez factors to the facts of the present case, but does not appear to dispute that there is any uncertainty about the appropriate legal standard to apply in the first instance. Walmart argues that Gonzalez v. Sterling Builders, 2010 WL 1875620, at *5 (D. Ore. May 6, 2010) and Adams v. US Airways, Inc., 2013 WL 1345509, at *2 (D. Ariz. Mar. 29, 2013) demonstrate a substantial basis for a difference of opinion. In both of these cases, the district court granted summary judgment to a defendant company, finding that the company was not a joint employer of the plaintiff employees. The plaintiff employees were directly employed by a subcontractor of the defendant company's contractor. According to Walmart, these recent cases demonstrate substantial grounds for a difference of opinion about the question Walmart poses in the present motion, because the cases support the proposition that a company cannot be a joint employer of an individual separated by two intermediate layers of contractors.

     This argument lacks merit. Both of these cases applied the Bonnette and Torres-Lopez factors to reach their respective conclusions. As stated above, the fact that other courts have applied the same law and reached different results does not demonstrate

---

of law if no facts are in dispute, it is a question of law that depends on the "economic reality" of the situation, see Torres-Lopez, 111 F.3d at 639, which is necessarily based on an examination of the underlying facts. It was because of genuine disputes about the underlying facts that the Court denied summary judgment to Walmart.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

substantial grounds for a difference of opinion about a controlling question of law. See Couch, 611 F.3d at 633. Moreover, the contractual relationship between the asserted joint employer and the plaintiff employees is not dispositive in determining whether a joint employment relationship exists. See, e.g., Bonnette, 704 F.2d at 1470. Since the contractual relationship between the parties is not dispositive of the joint employer issue, it is not a "controlling" question, regardless of whether it could be characterized as a question of law about which there exists a substantial difference of opinion.

Finally, Walmart has not demonstrated that an immediate appeal would "materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). The key consideration for this factor is whether permitting an interlocutory appeal would "minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 3930 (2d ed.). Walmart contends that an immediate appeal would materially advance the litigation in this case because reversal of the Court's order denying summary judgment would dispose of a significant number of the claims against Walmart. In support of this argument, Walmart cites a statement in plaintiffs' recently-filed motion for class certification, in which plaintiffs state that "[a]ll of plaintiffs' claims against Schneider and Walmart (except for plaintiffs' negligence claim against Walmart) rest on the classwide liability theory that Schneider and Walmart each acted as the class members' joint employers." Reply Mot. Certify (quoting dkt. #551 at 8).

Plaintiffs respond that the operative third amended complaint ("TAC") includes allegations that Walmart is liable for plaintiffs' damages on theories of conspiracy, aiding and abetting, negligent hiring and supervision, and a principal-agent relationship. Opp. Mot. Certify (citing TAC ¶¶ 105, 106-07, 108-110, 111-17). Thus, according to plaintiffs, litigation against Walmart would proceed under these alternative theories, even if the Court of Appeals reversed this Court's order denying summary judgment to Walmart. The Court finds plaintiffs' argument persuasive. The allegations in the TAC control what theories of liability can be asserted by plaintiffs, and not arguments made in a motion for class certification. The statement quoted by Walmart from plaintiffs' motion for class certification arises in the context of plaintiffs' argument that the "commonality" prong of Federal Rule of Civil Procedure 23(a) is satisfied. That statement did not purport to hypothesize about what claims would remain against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-8557-CAS(DTBx) | Date | March 21, 2014 |
|---|---|---|---|
| Title | EVERARDO CARRILLO, ET AL. V. SCHNEIDER LOGISTICS TRANS-LOADING AND DISTRIBUTION, INC., ET AL. | | |

Walmart if this Court had granted summary judgment to Walmart on the issue of joint employer liability. Thus, while an immediate appeal of this Court's order denying summary judgment might result in a determination that Walmart is not a joint employer of plaintiffs, it is unclear that such a determination would markedly reduce the number of claims to be litigated against Walmart or significantly streamline the trial proceedings, thereby "materially advanc[ing] the ultimate termination of the litigation." See 28 U.S.C. § 1292(b).

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES Walmart's motion to certify pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |