THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
Traber & Voorhees
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com

MICHAEL RUBIN (SBN 80618)
JONATHAN WEISSGLASS (SBN 185008)
ERIC P. BROWN (SBN 284245)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
jweissglass@altber.com
ebrown@altber.com

SANDRA C. MUÑOZ (SBN 190404)
Law Offices of Sandra C. Muñoz
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Telephone: (323) 720-9400
Facsimile: (323) 720-9090
scm4law@att.net

(Add'l counsel on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| EVERARDO CARRILLO, *et al.*, for themselves and all others similarly situated and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.; PREMIER WAREHOUSING VENTURES, LLC; ROGERS-PREMIER UNLOADING SERVICES, LLC; IMPACT LOGISTICS, INC., WAL-MART STORES EAST, LP, and DOES 1-15, *et al.*, <br><br> Defendants. | Case No. CV 11-8557 CAS (DTBx) <br><br> **[PROPOSED]** **ORDER (1) CERTIFYING SETTLEMENT CLASS, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES** |

Additional counsel for plaintiffs:

GUS T. MAY (SBN 159436)
KEVIN R. KISH (SBN 233004)
MATTHEW E. DECAROLIS (SBN 238595)
Bet Tzedek Legal Services
3250 Wilshire Blvd., 13th Floor
Los Angeles, CA  90010
Telephone: (323) 939-0506
Facsimile: (213) 471-4568
gmay@bettzedek.org
kkish@bettzedek.org
mdecarolis@bettzedek.org

Having reviewed plaintiffs' Motion for Preliminary Settlement Approval, the accompanying memorandum in support of the motion and other supporting documents, the parties' settlement agreements and the record in this case, the Court now FINDS and ORDERS as follows:

**I.     CLASS CERTIFICATION**

**A.     Classes Certified**

For purposes of settlement, the parties have proposed provisional certification of the following settlement classes under Federal Rule of Civil Procedure 23:

Premier Class:  All non-exempt employees employed by Premier Warehousing Ventures, LLC and Rogers-Premier Unloading Services, LLC (collectively, "Premier") in any of the warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner Avenue and/or 11900 Riverside Drive in Eastvale (formerly Mira Loma), California at any time from February 19, 2009 through February 24, 2012. Premier Settlement §1(g).

Impact Class: All non-exempt employees employed by Impact Logistics, Inc. ("Impact") in any of the warehouses, buildings, or surrounding premises located at 4100 and 4250 Hamner Avenue, and/or 11900 Riverside Drive in Eastvale (formerly Mira Loma), California, at any time from 2001 through August 9, 2013. Impact Settlement §1(g).

**B.     Findings Regarding Conditional Certification**

The Court hereby finds and concludes that the classes satisfy all of the requirements for certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.     The classes are sufficiently numerous (more than 250 persons in the Premier Class and more than 1,400 persons in the Impact Class) that joinder is impracticable.

2.      The members of the classes share common issues of fact and law, including: 1) whether the itemized wage statements that Impact and Premier provided to class members complied with California law; 2) whether Impact and Premier had classwide practices of under-recording hours worked by class members; 3) whether Impact and Premier had classwide practices of failing to record or falsely recording meal periods; 4) whether Impact and Premier failed to record hours spent on non-piece rate tasks; 5) whether Impact and Premier unlawfully retaliated against class members; 6) whether the warehouse temperatures to which all class members were subjected provided "reasonable comfort" as required by Wage Order No. 9-2001 §15; and 7) whether Premier engaged in a classwide practice of unlawfully deducting money from plaintiffs' paychecks for uniforms and background checks, and compelling the purchase of steel-toed shoes, and, if so, whether these practices violate Labor Code §§221, 450 and 2802.

3.      Plaintiffs' claims are typical because they arise out of the same policies and practices and course of conduct complained of by all class members.

4.      Plaintiffs are adequate representatives of the classes, because their interests are co-extensive with those of the other class members, and they have retained experienced counsel to represent them.

5.      Questions of law or fact common to the classes predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      Because certification of the classes is in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, for the purposes of approving this settlement only and for no other purpose, the Court hereby certifies the Premier and Impact classes described in paragraph I.A. above, under Rules 23(a) and (b)(3).

## II.  APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

### A.  Class Representatives

For purposes of settlement, the Court finds and concludes that plaintiffs Everardo Carrillo, Fernando Chavez, Eric Flores, and Jose Martinez Arceo have claims typical of Premier class members and are adequate representatives of them. The Court hereby appoints Mr. Carrillo, Mr. Chavez, Mr. Flores and Mr. Arceo to serve as Premier Class Representatives.

The Court also finds and concludes that plaintiffs Juan Chavez, Armando Esquivel, Guadalupe Rangel Mendoza, and Jose Enrique Trujillo-Vergara have claims typical of Impact class members and are adequate representatives of them. The Court hereby appoints Mr. Chavez, Mr. Esquivel, Mr. Mendoza, and Mr. Trujillo-Vergara to serve as Impact Class Representatives.

### B.  Class Counsel

The Court finds and concludes that Traber & Voorhees, Altshuler Berzon LLP, The Law Offices of Sandra C. Muñoz, and Bet Tzedek Legal Services have extensive experience and expertise in prosecuting wage-and-hour class actions, collective actions and other employment law class actions.  The Court appoints these firms and organization as Class Counsel.

## III.  PRELIMINARY APPROVAL OF SETTLEMENT

The Premier settlement is attached hereto as Exhibit A, and the Impact settlement is attached hereto as Exhibit B.  The Court has reviewed the terms of the settlements, including the distribution plans and the releases.  The Court has also considered the declarations of Michael Rubin and Eric Brown in support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the settlements are the result of arms-length negotiations between the parties conducted after class counsel had adequately investigated plaintiffs' claims and become familiar with their strengths

1  and weaknesses.  The Court has also considered *in camera* the confidential financial

2  documents attached to the Rubin Declaration and reflecting the financial status of

3  Premier and Impact.  Based on all of these factors, the Court concludes that the

4  proposed settlements meet the criteria for preliminary settlement approval.  The

5  settlements have no obvious defects and fall within the range of possible approval as

6  fair, adequate, and reasonable, such that notice to the classes is appropriate.

7  Accordingly, the settlements are hereby preliminarily approved.

8  **IV.  APPROVAL OF THE CLASS NOTICE, CLAIM FORM, AND MANNER**

9  **OF DISTRIBUTION**

10      The parties have also submitted for this Court's approval a proposed Notice of

11  Settlement of Class and Collective Action (the "Class Notice") for each of the

12  Premier and Impact classes (Exhibit 2 to each of the Settlements), which include a

13  Claim Form for each class (Exhibit 1 to each of the Settlements).  The parties have

14  also proposed a plan for disseminating these documents, along with a pre-paid,

15  self-addressed return envelope, to class members after the Court grants preliminary

16  approval of the settlements.  After carefully reviewing these documents and plan of

17  dissemination, the Court finds and concludes as follows:

18      **A.  Best Notice Practicable**

19      The proposed Class Notices are the best notice practicable under the

20  circumstances and allow Premier and Impact class members a full and fair

21  opportunity to consider the relevant Settlement.

22      The Class Notices fairly, plainly, accurately, and reasonably inform class

23  members of: 1) appropriate information about the nature of this action, the definition

24  of the class, the identity of Class Counsel, and the essential terms of the settlement,

25  including the plan of allocation; 2) appropriate information about plaintiffs' and

26  Class Counsel's forthcoming applications for a Class Representative Payment and the

27  Class Counsel attorneys' fees and costs award; 3) appropriate information about how

28  to claim a share of the proceeds under the settlement; 4) appropriate information

1 about this Court's procedures for final approval of the settlement, and about class

2 members' right to appear through counsel if they desire; 5) appropriate information

3 about how to object to or elect not to participate in the settlement, if a class member

4 wishes to do so; and 6) appropriate instructions as to how to obtain additional

5 information regarding this action and the settlement.  Similarly, the proposed Claim

6 Forms allow Premier and Impact class members a full and fair opportunity to submit

7 a claim for proceeds under the applicable settlement.  The Class Notices fairly,

8 accurately, and reasonably inform class members that the failure to complete and

9 submit a Claim Form, in the manner and time specified, will constitute a waiver of

10 any right to obtain any share of the proceeds under the relevant settlement.

11 **B.      Approval of Notice, Claim Form and Plan of Distribution**

12      The proposed plans for disseminating the respective Class Notices, are

13 likewise reasonably calculated to reach all individuals who would be bound by the

14 settlements.  The Settlement Administrator will distribute the Class Notice, along

15 with a pre-paid, self-addressed return envelope, to all class members by first-class

16 mail to their last known or updated addresses.  The Settlement Administrator will

17 also track non-delivered notice materials and take reasonable steps to re-send them to

18 the correct, current addresses.

19      Accordingly, the Court finds and concludes that the proposed plans for

20 disseminating the Class Notices will provide the best notice practicable, satisfy the

21 notice requirements of Rule 23(e), and satisfy all other legal and due process

22 requirements.  The Court hereby orders as follows:

23      1.      The forms of the Class Notice for both the Premier and Impact classes

24 (including the attached Claim Form) are approved.

25      2.      The manner of distributing the Class Notice to the classes is approved.

26      3.      Promptly following the entry of this order, the Settlement Administrator

27 will prepare final versions of the Class Notices and Claim Forms, incorporating into

28 them the relevant dates and deadlines set forth in this order.

4.      Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the settlement.

5.      No later than fifteen (15) calendar days of the latter of preliminary approval of the settlement or Court approval of the proposed notice to the class, the Claims Administrator shall send a copy of the Class Notice and a Claim Form to all class members via first-class mail, postage prepaid, to each Class Member's last known address.  The parties shall provide the Claims Administrator with the name and last known address of each known class member before the initial mailing, and Premier and Impact shall provide a class database identifying all class members within five (5) days of entry of this order.

6.      The Class Notice shall inform the class members that, as provided in the relevant settlement agreement, the deadline for submitting any objection to the settlement or for opting out of the settlement shall be seventy-five (75) calendar days after the postmark date of the mailing of Class Notice and Claim Forms, and that the deadline for submitting a Claim Form shall be ninety (90) calendar days after such postmark date.

7.      Twenty-five (25) calendar days after the Class Notice and Claim Form is sent to class members, the Claims Administrator shall mail a follow-up notice to those class members who have not yet responded to the Class Notice.

8.       Prior to mailing the follow-up notice, the Claims Administrator shall use standard procedures to obtain forwarding addresses, including: 1) processing the class list through the United States Postal Service's National Change of Address database; 2) performing address searches using public and proprietary electronic resources which lawfully collect address data from various sources such as utility records, property tax records, motor vehicle registration records, and credit bureaus; and 3) calling last-known telephone numbers (and telephone numbers updated through public and proprietary databases) to contact class members to obtain their current addresses.  For any notice that is returned by the post office with a forwarding

address, the Claims Administrator shall also forward the notice to that new address within five (5) calendar days of receipt of the forwarding address, restarting the time period for the recipient to submit a claim, object, or opt out of the settlement from the postmark date of the new notice.  For any notice that is returned by the post office as undeliverable, the Claims Administrator shall perform a skip trace, and if successful in locating an alternate subsequent address, shall forward such notice to the new address within ten (10) calendar days of receipt of the undeliverable notice, restarting the time period for submitting a claim, objecting, or opting out of the settlement from the postmark date of the new notice.

9.   In addition to the foregoing, the parties may, but are not obligated to, supplement the mailed notice with reasonable alternative forms of notice, and may provide Claim Forms to class members for whom there is no known address but who come forward to validly establish their eligibility to participate in the settlement.

10.   If a Claim Form, objection, or opt out form is timely submitted but is deficient in one or more aspects, the Claims Administrator shall, within five (5) calendar days of receipt of the deficient form, return the form to the class member with a letter explaining the deficiencies and informing the class member that he or she shall have fourteen (14) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form.  This letter shall be translated into Spanish.

11.   Any resubmitted Claim Form must be postmarked within fourteen (14) calendar days of the date of the deficiency notice to be considered timely, unless there is a showing of good cause for additional time.  The Claims Administrator shall notify Class Counsel and the appropriate defendant's counsel within five (5) calendar days of receipt of each deficient form.  The Claims Administrator has no obligation to provide a class member with a second notice of deficiency.

12.   The Settlement Administrator will take all other actions in furtherance of claims administration as are specified in the settlement agreement.

1    **V.      PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

2            **A.      Final Approval Hearing**

3            The Court hereby schedules a hearing to determine whether to grant final

4    approval of the settlement (the "Final Approval Hearing") for August 25, 2014, at

5    12:00 p.m..

6            **B.      Deadline to Elect Not to Participate in the Settlement**

7            1.      Form of Election

8            Class members may exclude themselves from participating in the settlement.

9    Any opt out statement, to be valid, must state the name, telephone number, and

10   current address of the class member, the years the class member worked for the

11   relevant defendant, and the address to which the class member's Claim Form was

12   mailed, and must include the following language: "I, [NAME], voluntarily choose not

13   to participate in the settlement of my claims against my former employer ["Impact

14   Logistics, Inc." or "Premier Warehousing Ventures, LLC, and/or, Rogers-Premier

15   Unloading Services, LLC"] and hereby waive any rights I may have to participate in

16   the settlement against it in the federal court lawsuit entitled Carrillo v. Schneider

17   Logistics, Inc., Case No. CV 11-8557 CAS (DTBx)."  The opt out statement must be

18   personally signed by the class member who seeks to opt out.  No opt out request may

19   be made on behalf of a group of class members

20           2.      Deadline for Submitting Election

21           Absent a showing of good cause and in accordance with the procedures set

22   forth in the relevant settlement agreement, no opt out statement shall be honored or

23   valid if postmarked more than seventy-five (75) calendar days after the postmark date

24   of the Class Notice or any follow up notice mailed by the Claims Administrator to the

25   class member who seeks to opt out.  Requests to opt out that do not include all

26   required information, or that are not submitted on a timely basis, shall be deemed

27   null, void and ineffective.  If a class member files both an opt out statement and a

28

1    Claim Form, the opt out statement shall be deemed invalid and the class member's

2    Claim Form and release of claims shall be valid and controlling.

3        **C.    Deadline for Filing Objections to Settlement**

4        Any class member who does not timely opt out may object to the settlement.

5    The Class Notice shall provide that class members who wish to object to the

6    settlement must mail a written statement of objection subject to the provisions set

7    forth below:

8        1.    Any such objection must be filed with the clerk of the Court and served

9    on all counsel identified in the Class Notice no later than seventy-five (75) calendar

10   days after the postmark date of the mailing of Class Notice and Claim Form.

11       2.    The postmark date of the mailing shall be the exclusive means for

12   determining whether an objection is timely. The objection must state the basis for the

13   objection.

14       3.    Class members who fail to make objections in the manner specified shall

15   be deemed to have waived any objections and shall be foreclosed from making any

16   objection (whether by appeal or otherwise) to the settlement, and the settlement shall

17   be fully binding upon them.

18       **D.    Deadline for Submitting Claim Forms**

19       Absent a showing of good cause in accordance with the procedures set forth in

20   the settlement agreements, no Claim Form shall be honored if postmarked more than

21   ninety (90) calendar days after the date first mailed to the class members.  Any class

22   members who, without good cause, submit a Claim Form postmarked more than

23   ninety (90) calendar days after the date the Claim Forms are mailed to class members

24   shall be deemed to have waived irrevocably any right in or claim to a settlement

25   share, but the settlement shall nevertheless be fully binding on such class members

26   subject to the terms set forth herein.  The Claims Administrator shall notify Class

27   Counsel and either counsel for Premier or Impact, as is appropriate, within five (5)

28   calendar days of receipt of each untimely Claim Form.  The Claims Administrator

1    shall accept Class Counsel's determination of whether good cause exists for honoring

2    an untimely Claim Form.

3         The Settlement Administrator will handle any timely but deficient Claim

4    Forms in the manner specified in the settlement agreement.

5         **E.      Deadline for Submitting Motion Seeking Final Approval**

6         Not later than twenty-eight (28) days before the Final Approval Hearing,

7    plaintiffs shall file a motion for final approval of the settlement.  Two weeks or more

8    before the final approval hearing, the parties may file a reply brief responding to any

9    filed objections.

10        **G.      Deadline for Motion for Approval of Class Representative**

11                 **Service Payments**

12        Not later than twenty-eight (28) days before the final approval hearing,

13   plaintiffs may file a motion for approval of their class representative service

14   payments.  Two weeks or more before the final approval hearing, plaintiffs may file a

15   reply brief responding to any filed opposition to the motion.

16        **H.      Deadline for Motion for Class Counsel Attorneys' Fees and Costs**

17                 **Award**

18        Not later than twenty-eight (28) days before the close of the seventy-five-day

19   (75) period for submitting requests for exclusion or objections, Class Counsel may

20   file a motion for approval of their Class Counsel attorneys' fees and costs payment.

21   Such amount of time provides class members with sufficient time to file any

22   objection they might have to the application.  *See* In re Mercury Interactive Corp.

23   Sec. Litig., 618 F.3d 988 (9th Cir. 2010).  Two weeks or more before the final

24   approval hearing, Class Counsel may file a reply brief responding to any filed

25   opposition to the motion.

26   **VI.   RELEASE OF CLAIMS**

27        If, at or after the Final Approval Hearing, this Court grants final approval to the

28   settlements, plaintiffs and every class member who does not file a timely and

1 complete election to opt out of the settlements will, pursuant to the settlement

2 agreements, be adjudicated to have forever released and discharged all claims as set

3 forth in the settlement agreements.  However, any FLSA opt-in claims that could be

4 asserted by class members who did not opt in to the FLSA collective action portion of

5 the action shall not be released, or deemed to be released.  All class members who

6 submit a valid Claim Form shall be deemed to have opted in to the FLSA collective

7 action portion of this action and shall thereby release their FLSA claims.  In the event

8 a class member previously opted in to the FLSA collective action during the prior

9 opt-in period and neither submits a Claim Form nor a valid request to opt out of the

10 settlement, such class member shall be deemed to have released his or her claims.

11 **VII.   APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

12       Settlement Services, Inc. is hereby appointed Settlement Administrator to carry

13 out the duties set forth in this Preliminary Approval Order and the settlement. The

14 costs and expenses of printing and mailing the Class Notice and other costs of the

15 settlement administration shall be paid out of the total settlement amount, pursuant to

16 the provisions of the settlement agreement.

17       The Court shall retain jurisdiction for the purposes of implementing the

18 provisions of this Order, and reserves the right to enter additional orders to effectuate

19 the fair and orderly administration and consummation of the settlement and to resolve

20 any and all disputes that may arise thereunder.

21 **VIII.  SCHEDULING ORDER**

22       The following schedule sets forth relevant dates and deadlines.

| Event | Date |
| --- | --- |
| Deadline for production of class lists to Claims Administrator and Class Counsel | March 24, 2014 |
| Deadline for mailing Class Notice | April 3, 2014 |
| Deadline for requests not to participate and objections to Settlements | June 17, 2014 |

| Deadline for filing Claim Forms | July 2, 2014 |
|---|---|
| Deadline to file Motion for Final Approval of Settlements | July 28, 2014 |
| Deadline for any Opposition to Motion for Final Approval of Settlements | August 4, 2014 |
| Deadline for any Reply in Support of Motion for Final Approval of Settlements | August 11, 2014 |
| Final Approval Hearing | August 25, 2014 at 12:00 P.M. |

IT IS SO ORDERED.


Dated: March 24, 2014

_____
The Hon. Christina A. Snyder
U.S. District Court Judge