THERESA M. TRABER (SBN 116305)
LAUREN TEUKOLSKY (SBN 211381)
Traber & Voorhees
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Telephone: (626) 585-9611
Facsimile: (626) 585-1400
tmt@tvlegal.com
lt@tvlegal.com

MICHAEL RUBIN (SBN 80618)
JONATHAN WEISSGLASS
(SBN 185008)
ERIC P. BROWN (SBN 284245)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altber.com
jweissglass@altber.com
ebrown@altber.com

SANDRA C. MUÑOZ (SBN 190404)
Law Offices of Sandra C. Muñoz
5429 E. Beverly Blvd.
Los Angeles, CA 90022
Telephone: (323) 720-9400
Facsimile: (323) 720-9090
scm4law@att.net

JS - 6

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERARDO CARRILLO, *et al.*, for themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.; PREMIER WAREHOUSING VENTURES, LLC; ROGERS-PREMIER UNLOADING SERVICES, LLC; IMPACT LOGISTICS, INC., WAL-MART STORES EAST, LP, and DOES 1-15, *et al.*,<br><br>Defendants. | Case No. CV 11-8557 CAS (DTBx)<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL WITH RESPECT TO SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC. AND WAL-MART STORES EAST, LP |

This matter was heard by the Court on September 15, 2015, at 12:00 p.m., in Courtroom 5 of United States District Court, Central District of California, before the Honorable Christina A. Snyder, pursuant to the noticed Motions for Final Settlement Approval (Doc. 622) and for Attorney's Fees and Reimbursement of Expenses (Doc. 621).   During that hearing, the parties sought final approval of a settlement between plaintiffs and defendants Schneider Logistics Transloading and Distribution, Inc. ("Schneider") and Wal-Mart Stores East, LP ("Walmart").

Before the Court were Plaintiffs' Motion for Final Settlement Approval (Doc. 622) and supporting documents; the Motion for Attorneys' Fees and Expenses (Doc. 621); the Motion for Preliminary Settlement Approval (Doc. 611); the settlement agreement with defendants Schneider and Walmart (Doc. 611-4); and this Court's Order Granting Plaintiffs' Motion for Preliminary Settlement Approval (Doc. 617), as well as the arguments of counsel presented at the hearing.  After reviewing the materials submitted by the parties and considering the arguments presented at the hearing, for the reasons cited on the record and supplemented by this Order and for good cause shown, the Court HEREBY ORDERS AS FOLLOWS:

1.     This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the settlement agreements, and has personal jurisdiction over defendants Schneider and Walmart and all class members. Specifically, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

2.     Pursuant to this Court's order granting preliminary approval dated May 4, 2015 (Doc. 617), the Notice of Settlement ("Notice") and Claim Form (collectively "Notice Packet") were mailed by first-class mail on May 22, 2015 to members of the class as defined in Paragraph 13, below, and identified through the administration of plaintiffs' previous Court-approved settlements with: (a) defendants Impact Logistics, Inc. ("Impact"); and (b) Premier Warehousing Ventures, LLC and Rogers-Premier Unloading Services, LLC ("Premier").  Many of the Notice Packets

1

that were returned as undeliverable were re-mailed to new addresses determined after

investigation.  The Notices advised the class members of the pertinent terms of the

proposed settlement, namely, the claims to be resolved by way of the settlement, the

total settlement amount, the preliminary estimate of each settlement class members'

distribution and the basis upon which the class members' share was calculated, the

proposed deduction for attorney's fees, litigation costs, class representative

enhancement payments, and the payment to the State of California's Labor and

Workforce Development Agency ("LWDA").  The Notice Packet further informed

the class members of the processes for challenging dates of employment, requesting

exclusion, and objecting to the settlement and the deadlines for each, and their right

to appear in person or by counsel at the final approval hearing.  Adequate periods of

time were provided for each of these procedures.  As part of this notice process, no

class members have sought to be excluded from the settlement classes, no class

member has submitted a written objection, and no class member stated an intention to

appear or appeared at the final approval hearing.

3.     The Court finds and determines that this notice procedure afforded

adequate protections to members of the class defined in Paragraph 13, below, and

provides the basis for the Court to make an informed decision regarding approval of

the settlement based on the responses of class members.  The Court finds and

determines that the notice provided in this case was the best notice practicable and

that it satisfied the requirements of law and due process.

4.     The Court further finds and determines that the terms of the settlement

are fair, reasonable, and adequate to the class and to each class member, that the

settlement is ordered finally approved, and that all terms and provisions of the

settlement should be and hereby are ordered to be consummated.  In addition to the

reasons set forth in the Court's statements on the record at the preliminary and final

approval hearings and those set forth in the Preliminary Approval Order, the fact that

no class member objected and that no class member opted out further supports the

Court's finding that the settlement is fair, reasonable, and adequate.

5.     The Court finds and determines that the settlement payments to be paid to the participating class members as provided for by the settlement are fair and reasonable.  The Court hereby orders that the payment of those amounts be made to the participating class members in accordance with the terms of the settlement from the Net Settlement Fund of $13,638,000 ($21,000,000 Gross Settlement Amount - $6,930,000 attorneys' fees award - $210,000 litigation costs award - $150,000 LWDA payment - $40,000 class representative enhancement awards [$5,000 x 8] - $32,000 settlement administrator fees and costs, all as approved below).

6.     In connection with the motion for final approval, the Claims Administrator has submitted several declarations setting forth the results of the notice and claims procedure, as reflected in the Court's docket.  The Claims Administrator states that 618 claim forms were timely filed by Class Members whose names were listed on the class data obtained from the previous claims administrator who handled the Premier and Impact settlements.  The Claims Administrator also informed the Court that there were five (5) late claim forms submitted.  Based on the information provided to explain the late-filed claims, the Claims Administrator made a final binding determination that four of the claimants demonstrated good cause for their late filings and that their claim forms have been accepted as timely, but that one claimant failed to show good cause so that claimant's claim form is being rejected as untimely.  As further set forth in Paragraph 9 below, the Court is satisfied that the Claims Administrator's decisions regarding good cause for the four late-filed claims, and lack of good cause for the fifth late-filed claim, comply with the terms of the settlement and the Court approves the acceptance of four late-filed and rejection of one late-filed claim forms identified by the Claims Administrator.  Specifically, the claims numbered CAR637, CAR638, CAR 654 and CAR 655 are accepted as valid claims to be paid out of the Net Settlement Fund as described above, and the claim numbered CAR 636 is rejected as untimely.

[Proposed] Order Granting Plaintiffs' Motion For Final Approval;
Case No. CV 11-8557 CAS (DTBx)

7.      Also in connection with the final approval hearing, the Claims Administrator described the disputes raised by 15 claimants about the proper employment dates they worked during the relevant class period.  The Claims Administrator considered documentation submitted by the claimants, as well as documents produced during discovery between the parties in this lawsuit, to evaluate the validity of the workweek disputes raised by these claimants.  Based on the information provided, the Claims Administrator determined that 14 of the 15 claimants had substantiated their claims that they had worked additional workweeks during the class period and adjusted their calculated points and estimated awards to reflect all workweeks each claimant had worked.  The Court is satisfied that the Claims Administrator's decisions comply with the terms of the settlement and approves the workweek adjustments and consequent revised points and awards available for each of the 14 claimants whose disputes were credited by the Claims Administrator.  The approved claims are numbered CAR 17, 181, 205, 208, 247, 377, 447, 484, 464, 532, 562, 563, 565, and 576 to be paid out of the Net Settlement fund as described above.  The Court also approves the Claims Administrator's denial of the remaining dispute concerning claim number CAR561 by a class member who is not entitled to recover for the time that claimant was employed as an Impact supervisor.

8.      In connection with the final approval hearing, the Claims Administrator submitted declarations describing claim forms or letters that were submitted by 11 individuals whose names were not included in the class data from the Impact and Premier settlements, but who claimed they were members of the class described in the Court-approved settlement notice.  The Claims Administrator considered documentation submitted by the claimants, as well as documents produced during discovery between the parties in this lawsuit, to evaluate the validity of the individuals' contentions that they were employed by defendants Premier or Impact during the relevant class period.  Based on the information provided, the Claims

[Proposed] Order Granting Plaintiffs' Motion For Final Approval;
Case No. CV 11-8557 CAS (DTBx)

1   Administrator concluded that nine of the eleven individuals had provided documents

2   corroborating their employment by Premier or Impact during the relevant time period

3   and recommended that the Court approve their participation in the settlement.  The

4   Claims Administrator concluded that two of those nine individuals needed to submit

5   valid claim forms in addition to the letters they had timely provided and that there

6   was good cause to allow their late submission of executed claim forms (subject to

7   Court approval).  On September 14, 2015, the Claims Administrator provided them

8   with claim forms to execute and submit within 10 days.  As to the remaining two

9   individuals, the Claims Administrator determined that they had not provided any

10  documentation to substantiate that they had been employed by Premier or Impact

11  during the relevant time period, and recommended to the Court that it not approve

12  their participation in the settlement.

13        9.      At the final approval hearing, Schneider objected to allowing settlement

14  participation for the nine individuals not listed in the class data from the prior

15  Premier and Impact settlements, arguing that these individuals are not covered by

16  Section II.7 of the Settlement Agreement defining "Class Members."  Class counsel

17  rebutted this argument, based on their contrary construction of Section II.7 and the

18  circumstances of this case as a whole.  Having heard and considered the arguments of

19  all parties, the Court finds that these nine individuals have proved that they worked

20  for defendants Premier or Impact within the relevant settlement class period and

21  concludes that they are "Class Members" within the definition of the settlement class

22  set forth in the settlement agreement.  Specifically, the Court finds that the following

23  individuals are Class Members based on the following information:

24            a.    Claim No. CAR498:  The individual submitted a claim form

25                  received by the Claims Administrator by email on August 7, 2015,

26                  with a selection of paystubs for the years in question and a copy

27                  of his ID badge for Rogers Premier.  A review of the documents

28                  produced during the course of this lawsuit, specifically the file

5

[Proposed] Order Granting Plaintiffs' Motion For Final Approval;
Case No. CV 11-8557 CAS (DTBx)

entitled "AllMiraLomaTimesheets" corroborates the individual's claim that he is a member of the Class who worked directly for Premier but was not identified in class data.  This latter document shows payroll records from 01/02/2010 through 06/01/2010.  The calculated points assigned to this claim are 107.85, with an estimated payment of $5,049.60 from the Net Settlement Fund as described above.

    b.    Claim No. CAR505:  The individual submitted a claim form postmarked on August 4, 2015, with a selection of paystubs for the years in question.  A review of the documents produced during the course of this lawsuit, specifically the file entitled "Impact CA Schneider form Oct 17 2008 to Dec 30 2011" corroborates the individual's claim that he is a member of the Impact Class but was not identified in class data.  This document shows payroll records from 02/20/2011 through 10/07/2011.  The calculated points assigned to this claim are 224.00, with an estimated payment of $10,487.81 from the Net Settlement Fund as described above.

    c.    Claim No. CAR539:  The individual submitted a claim form postmarked on August 6, 2015, with a selection of paystubs for the years in question.  A review of the paystubs corroborates the individual's claim that he is a member of the Class but was not identified in class data.  The submitted documents demonstrate eligibility from 12/27/2010 through 12/25/2011.  The calculated points assigned to this claim are 364.00, with an estimated payment of $17,042.69 from the Net Settlement Fund as described above.

    d.    Claim No. CAR550:  The individual submitted a claim form received by facsimile on August 12, 2015, with a selection of

6

1    paystubs for the years in question.  A review of the paystubs

2    corroborates the individual's claim that she is a member of the

3    Class but was not identified in class data.  The submitted

4    documents demonstrate eligibility from 10/01/2007 through

5    10/28/2007.  The calculated points assigned to this claim are

6    10.84, with an estimated payment of $507.53 from the Net

7    Settlement Fund as described above.

8    e.   Claim No. CAR657:  The individual submitted a claim form

9    postmarked on June 30, 2015, with a selection of paystubs for the

10    years in question and Forms W-2 for 2008 through 2011.  A

11    review of the documents produced during the course of this

12    lawsuit, specifically the file entitled "Impact CA Schneider form

13    Oct 17 2008 to Dec 30 2011" corroborates the individual's claim

14    that he is a member of the Class but was not identified in class

15    data.  This document shows payroll records from 10/17/2008

16    through 10/28/2011.  The calculated points assigned to this claim

17    are 898.47, with an estimated payment of $42,066.87 from the Net

18    Settlement Fund as described above.

19    f.   Claim No. CAR658:  The individual submitted a claim form

20    postmarked on July 15, 2015, with a selection of paystubs for the

21    years in question.  A review of the documents provided by the

22    claimant and produced during the course of this lawsuit,

23    specifically the file entitled "Impact CA Schneider form Oct 17

24    2008 to Dec 30 2011" corroborates the individual's claim that she

25    is a member of the Class but was not identified in class data.  This

26    documents shows payroll records from 11/26/2006 through

27    08/23/2009.  The calculated points assigned to this claim are

28    529.98, with an estimated payment of $24,813.96 from the Net

7

1   Settlement Fund as described above.

2   g.   Claim No. CAR655 - RG/2 Claims received the claim form from
3   class counsel on August 24, 2015, which was faxed to them on
4   August 22.  The individual provided documentation that
5   establishes that he worked for Premier during the Class Period
6   and, despite his exclusion from the class data, meets all of the
7   qualifications to meet the definition of a Class Member.  Further
8   review by class counsel revealed that the individual was included
9   in other documents produced during the lawsuit, specifically the
10   listing of Premier employees that transitioned to Schneider's
11   payroll, but not in the class data.  The calculated points assigned
12   to this claim are 450.31, with an estimated payment of $21,083.77
13   from the Net Settlement Fund as described above.

14   h.   Claim No. CAR660: The individual submitted a selection of
15   paystubs for the years 2008 and 2009, received by RG/2 Claims
16   by facsimile on July 7, 2015.  A review of the paystubs and
17   "Impact CA Schneider from Oct 17 2008 to Dec 30 2011"
18   corroborates the individual's claim that he is a member of the
19   Class but was not identified in class data.  These documents
20   demonstrate eligibility from 10/06/2008 through 12/30/2011.  The
21   calculated points assigned to this claim are 60.00, with an
22   estimated payment of $2,809.23 from the Net Settlement Fund as
23   described above.  This individual was sent a Notice Packet on
24   September 14, 2015 advising him of the need to submit an
25   executed claims form and providing him with ten (10) days to do
26   so.  If this individual timely submits an executed claim form as
27   directed, this claim will be allowed.

28   i.   Claim No. CAR661:  The individual submitted a selection of

8

[Proposed] Order Granting Plaintiffs' Motion For Final Approval;
Case No. CV 11-8557 CAS (DTBx)

1  paystubs for the year 2008, received by RG/2 Claims by mail

2  postmarked on June 11, 2015.  A review of the paystubs and

3  "Impact CA Schneider from Oct 17 2008 to Dec 30 2011"

4  corroborates the individual's claim that he is a member of the

5  Class but was not identified in class data.  These document

6  demonstrate eligibility from 08/06/2007 through 04/26/2009.  The

7  calculated points assigned to this claim are 408.84, with an

8  estimated payment of $19,142.12 from the Net Settlement Fund as

9  described above.  This individual was sent a Notice Packet on

10  September 14, 2015 advising of the need to submit an executed

11  claims form and providing him with ten (10) days to do so.  If this

12  individual timely submits an executed claim form as directed, this

13  claim will be allowed.

14    10.    The Court finds and determines that the $150,000 amount to be paid to

15  the LWDA for civil penalties under the Private Attorney General Act ("PAGA"), Cal

16  Labor Code §§2699, *et seq*., is fair and reasonable.  The Court hereby grants final

17  approval to and orders said payment to the LWDA in accordance with the terms of

18  the settlement.

19    11.    Nothing in this order shall preclude any action to enforce the parties'

20  obligations under the settlement or under this Order.

21    12.    The parties are hereby ordered to comply with and carry out the terms of

22  the settlement as approved by this order.

23    13.    Solely for purposes of effectuating the approved settlement, the Court

24  now certifies the same class provisionally certified in connection with the order

25  granting preliminary approval (Doc. 617), which is defined as a single settlement

26  class under Federal Rule of Civil Procedure 23 comprised of the following groups:

27    Premier Class:  All non-exempt employees employed by Premier in any

28  of the warehouses, buildings, or surrounding premises at 4100 and 4250 Hamner

9

Avenue and/or 11900 Riverside Drive in Eastvale (formerly Mira Loma), California at any time from February 19, 2009 through February 24, 2012.

Impact Class: All non-exempt employees employed by Impact in any of the warehouses, buildings, or surrounding premises located at 4100 and 4250 Hamner Avenue, and/or 11900 Riverside Drive in Eastvale (formerly Mira Loma), California, at any time from 2001 through August 9, 2013.

14.     With respect to the settlement class and for purposes of approving these settlements only, this Court finds and concludes that: (a) the members of the settlement class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the settlement class which predominate over any individual issues; (c) the claims of Premier class representatives Everardo Carrillo, Fernando Chavez, Eric Flores and Jose Martinez Arceo, and those of Impact class representatives Juan Chavez, Armando Esquivel, Guadalupe Rangel Mendoza and Jose Enrique Trujillo-Vergara, are typical of the claims of the members of their respective classes; (d) each class representative has fairly and adequately protected the interests of the members of the classes; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the class representatives, *i.e.*, class counsel, are qualified to serve as counsel for plaintiffs in their individual and representative capacities and for the settlement class.

15.     Every person in the above-described settlement class who did not submit a valid and timely request for exclusion shall be and hereby is deemed to be a Settlement Class Member as that term is defined in the settlement agreement, and, along with the LWDA, shall be bound by all of the terms and provisions of the approved settlement agreement, including to have released all Released Class Claims set forth therein, and the separately filed Order of Dismissal of Plaintiffs' claims that shall be jointly sought by the parties.

16.     The Court approves a payment to the eight class representatives in the

10

amount of $5,000 to each class representative, as an enhancement for the initiation of this action, work performed, and risks undertaken, as more fully set forth in the moving papers.  These amounts are separate and apart from any other recovery to which these class representatives might be entitled to under other provisions of the settlement agreement.

17.   The Court finds that notice of the requested award of attorney's fees and reimbursement of reasonable costs and expenses was directed to class members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure.  Class members and any party from whom payment is sought have been given the opportunity to object pursuant to Rule 23(h)(2) of the Federal Rules of Civil Procedure, and no class member has objected to the requested fees or expenses.

18.   Class counsel, having conferred a benefit on absent class members and having expended efforts to secure a benefit to the classes, is entitled to a fee and accordingly, the Court approves the application of Class Counsel 1) Traber & Voorhees, 2) Law Offices of Sandra C. Muñoz, 3) Bet Tzedek Legal Services; 4) Altshuler Berzon LLP; and 5) Janet Herold in the total amount of $6,930,000 in attorneys' fees,  $210,000 in expenses and $32,000 in claims administration costs.  The fee amount is within the range of common fund awards in similar wage-and-hour class actions and is warranted in this case due to the high level of risk involved and the exceptional skill and diligence required to litigate and resolve the legal claims at issue.  The propriety of awarding these amounts in fees and expenses in this case is confirmed by the lodestar cross check.  Based on the time expended and rates charged, which the Court specifically finds to be reasonable, class counsel's lodestar amount exceeds the amount of the common fund award.

19.   Any separate appeal from the portion of the Judgment regarding the class representative enhancement payment awards, payment to the LWDA or award of attorney's fees and reimbursement of expenses, if permissible, shall not operate to terminate or cancel the settlement agreement.

[Proposed] Order Granting Plaintiffs' Motion For Final Approval; Case No. CV 11-8557 CAS (DTBx)

20.     Pursuant and subject to Section V.2 of the settlement agreement, within fourteen (14) calendar days after the date of entry of this order, Schneider shall deposit into a Qualified Settlement Fund established by the Claims Administrator all amounts approved by the Court in this Order for payment from the Gross Settlement Amount.  The funds shall be maintained in an interest-bearing depository account to be approved by Schneider in advance of any deposit being made.

21.     The Court further approves and directs RG2, the appointed claims administrator, to make the following payments thirty-three (33) calendar days after the date of entry of this order pursuant and subject to Sections II.12 and V.3 of the settlement agreement:

A.     To the participating class members, by check or wire, his/her individual settlement payment as calculated by the claims administrator.

B.     To the class representatives, the sum of $5,000 each in addition to any settlement distribution to which he/she is entitled.

C.     To the LWDA, by check or wire the amount of $150,000.

D.     To be wired to the Altshuler Berzon LLP Trust Account, the total amounts of $6,930,000 in attorneys' fees plus $210,000 in expenses, to be distributed by Altshuler Berzon LLP among all plaintiffs' counsel entitled to fees and cost reimbursements, including Traber & Voorhees LLP, the Law Offices of Sandra C. Muñoz, Bet Tzedek Legal Services, Altshuler Berzon LLP, and Janet Herold;

E.     To RG/2, $32,000 for administration costs.

22.     All payroll taxes are to be paid by RG/2 from the Qualified Settlement Fund in accordance with the terms of the approved settlement agreement, and paid not later than the time specified by law or agency regulation.

23.     Without limiting the provisions of Paragraph 11 of this order, the Court permanently enjoins Plaintiffs, Defendants, all Class Members, and all persons acting in concert with them, from pursuing or seeking to reopen any claims settled and released by the approved settlement agreement against any released parties as

[Proposed] Order Granting Plaintiffs' Motion For Final Approval;
Case No. CV 11-8557 CAS (DTBx)

1  provided in the approved settlement agreement.  Specifically excluded from the scope
2  of this permanent injunction is the pursuit of claims asserted by any of the defendants
3  named in the action against any of the other defendants, including without limitation
4  through claims, counterclaims or cross-claims previously, now and/or hereafter
5  pending in this or any other action or proceeding.

6         24.    Pursuant to, subject to and without limiting the provisions of Paragraph
7  VI.1 of the Settlement Agreement, nothing in this Order, or any aspect of the
8  approved settlement, is to be offered as evidence of, or construed or deemed to be an
9  admission of liability or wrongdoing on the part of any of the Settling Defendants in
10 this or any other action or proceeding.

11        25.    The Court retains jurisdiction over the administration and effectuation of
12 the settlement including, but not limited to, the ultimate disbursal to the participating
13 class members, payment of attorney's fees and expenses, the enhancement payment
14 awards to the class representatives, payment to the LWDA, and other issues related to
15 the settlement.  Unless otherwise specifically defined or stated in this Order, all terms
16 used in this Order have the same definition and meaning as those used in the
17 approved settlement agreement, which are incorporated herein by this reference as
18 though set forth in full.

19        IT IS SO ORDERED.

20

21 Dated:   September 24, 2015

22                                                   _____
                                                     Hon. Christina A. Snyder
23                                                   U.S. District Court Judge

24

25

26

27

28

13